No. 11.—GEORGE W. SEYMORE, plaintiff in error, *vs.* WM. Y. HOWARD, defendant in error.

[1.] Where, in an action of assumpsit, on a promissory note, to which no plea of set-off was filed, the plaintiff confessed judgment and appealed, and on the appeal, gave bond with security, "for all costs which may accrue in said case": *Held*, that in such a case, this was a substantial compliance with the Statute, and the case was carried to the appeal.

[2.] The case being appealed, and there being a good cause of action, proper service, &c., every irregularity may be amended, upon motion, without delay.

Complaint, in Bibb Superior Court. Tried before Judge POWERS, November Term, 1853.

This was an action of complaint, commenced in the Inferior Court of Bibb county, by George W. Seymore against William Y. Howard, on a promissory note, for $150.

On the first trial, the plaintiff confessed judgment for cost, and took an appeal, giving a bond, with Thomas P. Stubbs as his security, "for the payment of all costs which may accrue in said case".

At the trial on the appeal, counsel for defendant moved to dismiss the appeal, on the ground that the "appeal bond did not bind the plaintiff and his security, for the eventual condemnation money in said case, but only for the costs of suit".

Counsel for plaintiff moved to amend the bond, by inserting the words: "for the eventual condemnation money"; which motion the Court refused, and dismissed the appeal.

After the Court had proceeded into the trial—but before the

order dismissing said appeal was entered upon the minutes of the Court, counsel for plaintiff offered to prove, by the Clerk of the Inferior Court, who took the bond, that the omission of the words in said bond, " for the eventual condemnation money", was a clerical mistake on his part; that he had prepared the bond, and plaintiff and his security had signed it, as presented to them by him.   The Court refused to hear the evidence.

To which decisions and rulings by the Court, counsel for plaintiff excepted.

STUBBS & HILL, for plaintiff in error.

RUTHERFORD, for defendant in error.

*By the Court.*—STARNES, J., delivering the opinion.

[1.] It will be observed, that this appeal is entered by a plaintiff in an action on a promissory note, to which there was no plea of set-off.   When, therefore, the appellant gave bond and security for payment of the costs of suit, he thus gave a bond which was available for all purposes of protection to the defendant, at the time of the appeal, as he could be made eventually liable for no more than the costs.   This, we think, was a substantial and practical compliance with the require- ments of our Law, and carried the case to the appeal.

It is suggested that there might have been an amendment of the answer, by the defendant, after the appeal, and a set-off filed, in which event the bond might have become ineffectual for the protection of the defendant, and that this serves to. show that the appeal was not properly entered.

Our opinion is, that if such amendment had been made, the appellant would have been in order to amend his bond, so as to meet the exigencies of the case.

[2.] Indeed, if it be once established, that the case was in Court on the appeal, as there was a good cause of action, pro- per service, &c., under our Act of 1818, every such irregulari-.

ty as that here relied on, might, on motion, have been amended, without delay.

This Court has more than once announced its desire to see this highly beneficial Statute executed in the spirit which gave it birth, and so enforced as to prevent delay from frivolous technical exceptions. And again, we declare our intention, while we preside here, in the spirit of this Act, of good policy and good sense, to discountenance all such objections.

A case was cited from 4 *Alab. R.* 315, which was supposed by the counsel for defendant in error, to support his position. According to that case, the Laws of Alabama require an appeal bond to be " conditioned" so, that the appellant shall bind himself with security, "to sustain and prosecute the appeal, and to pay and satisfy the condemnation of the Court". In the bond, on which the action in that case was brought, (for it was a suit against the surety on the bond,) the words "to sustain and prosecute the appeal", were inserted; but the words, and " pay and satisfy the eventual condemnation money", omitted. The obligee, as a consequence, was bound only to prosecute the appeal, and was not bound even to pay the costs, in the event of his losing the case. The bond, of course, was in no wise available for protection to the opposite party—it could not, in that proceeding, be amended, and made a valid bond; and, therefore, the Court was right in holding, that in legal contemplation, it was no bond. The case does not conflict with the views which we have presented, in that we are considering.

It is our judgment that the Court below erred, in holding that the bond in this case was so defective as to authorize a dismissal of the appeal; and in not allowing the same to be amended, as was proposed.

Judgment reversed.