SAMUEL H. HILL, plaintiff in error, vs. JENNY MITCHELL, defendant in error.

A contract by the Express Company for the transportation of mailable matter, over the usual mail route between cities in the United States, unless it be such matter as is excepted from the prohibitions in the Acts of Congress, is void, and the Company has no lien growing out of such contracts.

Trover and Bail, from Muscogee county. Tried before Judge WORRILL, May Term, 1858.

Certain packages were sent from San Francisco, California, to Jenny Mitchell in Columbus Georgia, by Freeman & Co's Express; Samuel H. Hill reported to Jenny Mitchell's agent that they were in his possession, as agent for Harden's Express Company, in Columbus, and he could have them, by paying the freight and insurance on them. Jenny Mitchell's agent refused to do this, and Hill refused to give them up, and this action was brought. On the trial of the case at the request of plaintiff's counsel the Court charged the jury:

That the packages conveyed from San Francisco to Columbus, were mailable matter, and their being conveyed over a postal route of the United States, was a fraud upon the post office laws, and that the defendant was not entitled to anything for such conveyance; to which defendant excepted.

The defendant requested the Court to charge the jury, that if they believed from the evidence that the packages were the property of the plaintiff, that she had a right to convey them to Columbus, Georgia, from San Francisco California, in any manner she pleased, either through the post office or in any other manner.

The Court gave the charge with the qualification, that if the packages were conveyed over a post office route, that the defendants were not entitled to recover anything for freight and insurance; and that the contract was void; to which defendant excepted.

The defendant asked the Court to charge the jury, that the retaining of the property by the common carrier, until the freight was paid, was in law no conversion; which the Court charged with this qualification, that the contract for conveying these articles over a postal route of the United States, was void, and this being the case the retaining of the property, after demand, was a conversion; to which defendant excepted.

The defendant asked the Court to charge that if the contract for conveying these packages was a violation of the postal laws of the United States, the plaintiff is *particeps criminis,* and cannot take advantge of her own illegal act.

Which the Court refused and defendant excepted; and on these several exceptions assigns error.

B. A. THORNTON, for plaintiff in error.

R. J. MOSES by JOHN A. JONES, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

This is an action of trover, instituted for the recovery of certain California State bonds and deeds conveying land, which were sent by Harden's Express from San Francisco,

in the State of California, to Columbus in this State over the usual mail route.   They were transmitted by express without the authority of the defendant in error, who is the owner, and she refuses to pay the amount charged for their transportation, and the plaintiff in error refusing to deliver them without, this suit was brought for their recovery.  The defendant in error insists, that the contract for their transportation, is an infraction of the postal laws of the United States, and that no freight or other charge can be demanded of her, and that the defendant in the Court below has no lien upon them for such freight or charge.   If the bonds and deeds are mailable matter, and the Express Company is prohibited by law from transporting such mailable matter, then the contract, being in contravention of public law, is void, and the defendant can claim no right of any sort under it.   The 9th section of the Act of Congress of the 3d March, 1845, declares it to be unlawful for any person or persons to establish any private Express or Expresses for the conveyance, or in any manner to cause to be conveyed, or to provide for the conveyance or transportation by regular trips or at stated periods or intervals from one city, town or other place, to any other city, town, or place in the United States, between and from and to which cities, towns, or other places the United States mail is regularly transported under the authority of the Post Office Department, of any letters or packets or packages of letters or *other matter* properly transmittible in the United States mail, except newspapers, phamplets, magazines, and periodicals. A penalty of one hundred and fifty dollars is inflicted by the Act for its violation.  *Brightly's Dig.* 767.

The same Act declares what shall be matter properly transmittible by mail.   All letters and newspapers, all magazines and phamplets periodically published, in regular series, or in successive numbers under the same title &c., and all other written or printed matter, whereof each copy or number shall not exceed eight ounces in weight, except bank notes sent in packages or bundles unaccompanied by written letters, are

declared to be such matter. Any packet or packets, of whatever size or weight, being made up of any such mailable matter, shall subject all persons concerned in transporting them to all the penalties of the Act, equally as if it or they were not so made up into a packet or packages. *Ib.* 768 and 769. By the same Act, books, magazines or pamphlets, or newspapers, not marked, directed, or intended for immediate distribution to subscribers, or others, but intended for sale as merchandize, and transported in the usual mode of transporting merchandize over the particular route used, and sent or consigned to some *bona fide* dealer or agent for the sale thereof are not within the prohibition. Books bound or unbound not weighing over four pounds are to be deemed mailable matter. *Ib.* 786. Were these bonds and deeds mailable matter? They were either written or printed matter, and each one does not exceed eight ounces in weight. It follows that they are mailable matter. If each bond or deed is under eight ounces in weight, the transportation of a packet of whatever size or weight, is prohibited under a penalty, and is unlawful.

The Act of Congress prohibits the establishment of a private Express for any such purpose and prohibits its under a penalty.

The business is unlawful, and contracts made with the persons who, in defiance of the law, carry it on, and in furtherance of that business, are unlawful and void. The object of the Government was to prevent effectually, all arrangements and practices by which the revenue of the Post Office Department might be cut off or impaired. The Acts of Congress are plain and intelligible and it would be well for those who incautiously violate them to look to it.

It is argued, that if the contract falls within the prohibition and is therefore void, that still the defendant is a common carrier and of course, has a lien in that character until charges are paid, and that his possession was legally acquired. If it be true that the possession was legally acquired, it

is a possession for the true owner, and if he hold against the owner after a demand, it is a denial of the owner's right and a conversion.   What right has he against the rightful owner, if he acquired that possession from a person who had neither power nor authority to deliver the possession?   None at all. The rightful owner has a right to claim her property whenever she finds it, and because the person who has it is a common carrier, he cannot demand of her the discharge of a lien, which did not originate in any contract with her express or implied for the transportation.   Suppose she did not desire the property sent?

But the contract for the transportation was illegal and void whether express or implied and in whatever form presented.   It is equally a fraud on the postal laws, whether the packet was transported for one dollar or for five hundred, or if it was wholly gatuitous.   No lien can attach in such case.

Judgment affirmed.