Mary E. Phillips, and others, by their guardian, plaintiffs in error, vs. Brigham, Kelly & Co., and others, owners of the steamboat Hartridge, defendants in error.

[1.] It is wrong to grant a nonsuit, if the evidence is sufficient to authorize the jury to find for the plaintiff, although it may not be sufficient to require them to do so.

[2.] If a common carrier deviates from the regular route, and the goods are lost, it is a conversion.

[3.] A motion to amend, made after nonsuit awarded, but not entered, is in time.

Trover, in Chatham Superior Court. Decision by Judge FLEMING, at January Term, 1858.

This was an action of trover, for the recovery of 110 bales of cotton, which the declaration alleges was the property of plaintiffs, and which the defendants,. the owners of the steamboat, the Charles Hartridge, " had found and converted," &c.

The facts of the case were about as follows: These 110 bales of cotton were lying at plaintiffs' landing on the Ocmulgee river, in the county of Pulaski, hauled there for the purpose of being shipped to Savannah. The captain of the steamboat, in going up the river for freights, took on board this cotton, and as plaintiffs allege, without any order from them, or without their knowledge or authority. The boat proceeded up the river for more cotton, and after getting in a full load, returned downwards *en route* for Savannah, and before reaching the place from which they took plaintiffs' cotton, she ran upon a snag in the river, and in the effort to run ashore, her boiler exploded, and the boat, together with all the cotton on board, except six or seven bales, was burnt.

After plaintiffs closed their testimony, defendants moved for a nonsuit, on the ground that *case* and not *trover* was the proper form of action. The presiding Judge, after argument, granted the motion for a nonsuit, but immediately upon the conclusion of the announcement of the opinion of the Court, and before the judgment of nonsuit was or could have been reduced to writing, and entered on the minutes of the Court, counsel for plaintiffs moved to amend the declaration by adding a count in case. To this motion defendants' counsel objected. The Court sustained the objection, and overruled and refused the motion to amend, and counsel for plaintiffs excepted.

Hon. C. B. COLE; and T. P. STUBBS; for plaintiffs in error.

J. E. WARD; and E. A. NISBET, *contra*.

*By the Court.*—BENNING J. delivering the opinion.

Was the nonsuit right?

It was put upon the ground, that not trover, but case, was the remedy.

[1.] It is wrong to award a nonsuit, if the evidence is sufficient to authorize the jury to find for the plaintiff, although it may not be sufficient to require them to do so.

If there was a conversion of the cotton, trover was the proper remedy. This may be assumed. Of course, if trover was the proper remedy, the nonsuit was wrong.

It follows, that if the evidence was sufficient to authorize the jury to find that there was a conversion, the nonsuit was wrong.

We think, that the evidence was sufficient, to authorize the jury to find a conversion.

If the boat took the cotton from the river bank, without authority, that, it is clear, was a conversion. And the evidence was, perhaps, sufficient to authorize the jury to find, that the boat did so take the cotton.

[2.] If the boat took the cotton by agreement, but an agreement to carry the cotton to Savannah, and, instead of going the ordinary route to Savannah, went an extraordinary route, and while out of the ordinary route, the cotton was lost, that was a conversion. It would be a breach of the contract by *misconduct*—something positive. And every such breach of such a contract is a conversion. *Wheelock vs. Wheelright,* 5 *Mass.* 104; *Stor. Bail, sections* 232, 269, 396, 413.

And the evidence was sufficient, to authorize the jury to find, that the boat did start to Savannah by an extraordinary route. The evidence was, that the boat, after taking the cotton on board, went *up* the river, some ten miles, and, that before it got back to the place at which it had taken the cotton on board, the accident occurred by which, the cotton was lost. And there was no evidence that this conduct was according to any usage.

Here, then, was evidence sufficient to authorize the jury to find a conversion, provided, the act of the boat, (i. e. of the master,) is to be considered the act of the owners, who are the defendants. And, as at present advised, we think, that it is to be so considered.

The question, whether the owner of a boat or other vessel, is liable for the tortious acts of the master, is one of great importance. And it was hardly argued at all, in this case.

And hence it is, that, we merely say, that, as at present advised, we think, that if there was in this case, a conversion by the master, it was to be deemed a conversion by the owners; for we wish the general question to be considered, as still an open one.

Our conclusion, then, is, that the Court erred in awarding the nonsuit.

[3.] And this being the conclusion, it becomes unnecessary to decide the question, whether the motion to amend ought to have been sustained. But as we have an opinion on that question, we may as well express it. We think that the motion ought to have been granted. 15 *Ga.* 110.

Judgment reversed.