Wilts *v.* Morrell.

[Fourth Department, General Term, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]

———•••———

## Wilts *vs.* Morrell.

The defendant, a shipper and forwarding agent at F., agreed to ship and forward some furniture to the plaintiff at New York, by the O. line of canal boats, and under deck. The furniture was forwarded by boats not belonging to the O. line, and only a part of it was under deck. *Held* that the defendant was liable for damage done to the goods in transportation; and this whether he forwarded the goods under a contract, or acted as the plaintiff's agent in forwarding them.

That in the latter case, the defendant would be held as an insurer of the goods, having shipped them in a manner prohibited by the principal.

APPEAL, by the defendant, from a judgment entered upon a verdict.

*M. I. Townsend*, for the appellant, cited *Roberts* v. *Turner*, (12 *John.* 232;) *Brown* v. *Denison*, (2 *Wend.* 593;) *Johnson* v. *N. Y. Central R. R. Co.* (31 *Barb.* 196, 200;) *Story on Agency*, §§ 194, 237; *Parkhill* v. *Imlay*, (15 *Wend.* 431.)

*By the Court*, Mullin, P. J. In August, 1869, the defendant was a shipper and forwarding agent at Fulton in Oswego county, and the plaintiff entered into a contract with him to ship and forward to the plaintiff at the city of New York, in a canal boat of the "*Old Oswego Line*," under deck, a quantity of furniture and bedding, &c., at 35 cents per hundred pounds, for property in boxes, and 75 cents per hundred for property

that was loose, such as chairs, sofas, &c. It was understood and agreed that the goods should not be sent by what is called a "wild boat," that is, by a boat not belonging to a line of boats.

The goods were delivered at the defendant's warehouse about the 23d of August in good order. They were not sent by the Old Oswego Line but by a boat run by one Barnes on his own account, and by him carried to Syracuse and then reshipped on the boat "J. A. Scoville," belonging to the line of boats owned by L. B. Robe, and by it carried to New York. The goods were partly under and partly on deck, on each of the boats. They were shipped the 4th of October and arrived in New York the 4th of November. When received they were damaged to the extent of $250, and for this damage the action was brought. The jury rendered a verdict in favor of the plaintiff for $311.05, and judgment was entered for that sum, and from it the defendant appeals.

The only question presented by the appeal arises on the charge to the jury.

The jury were told, that if they should find from the evidence that the agreement was as testified to by the plaintiff and his witness Myron Havens, and that such agreement was not performed by the defendant, then the plaintiff was entitled to recover. To this part of the charge the defendant's counsel excepted.

The agreement set out in the complaint, and from a breach of which damages are alleged to have resulted, was, "to ship and forward by canal in boats of the Old Oswego Line, under deck, the plaintiff's goods from Fulton to New York."

The proof by the plaintiff and his witness was that the defendant agreed to ship his (the plaintiff's) goods in a boat of the Old Oswego Line under deck, and it was not done, and it was conceded that the goods were damaged. The agreement alleged in the complaint was

Wilts *v.* Morrell.

therefore proved, and if on proof of the breach the plaintiff was entitled to recover the damages done to the goods, the instruction to the jury was right.

If the contract of the defendant was to carry by the Old Oswego Line and under deck, it was violated in both particulars. If it was an agreement to forward by that line and in the manner agreed on, then the action was for breach of duty as the plaintiff's agent, and he was equally liable. This case, in this view of it, does not differ from that of *Johnson* v. *N. Y. Central R. R. Co.* (33 *N. Y.* 610.) In that case the defendant was held to be an insurer of the property, having shipped it in a manner prohibited by the principal.

It is too late on the argument of the appeal to raise the question that the damage to the goods was not shown to have resulted from any neglect or violation of defendant's duty, or that he was not liable for storage, cartage and insurance. These questions should have been raised on the trial, as it is probable, if they had been thus raised, proof would have been given, if it had not been already given, to authorize the recovery.

In the absence of any certificate that all the evidence is contained in the case, we must presume that it is not, and that there was sufficient evidence to support the judgment.

The judgment must be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]