## THE GEORGIA RAILROAD COMPANY *vs.* COLE & CO.

1. Where goods are delivered to the first of a connecting line of railroads to be shipped to a given destination by a specified route, a delivery by the first railroad to another railroad which forms a part of a different route is a breach of the contract, and a conversion which renders the first road liable for the value of the goods. If they be delayed by such delivery, or damage result, the first road may be held responsible therefor.

2. Mere acceptance of a portion of the goods shipped by railroad, on arrival at their destination, is not a waiver of all claim for loss resulting from delay.

3. With hesitation we refuse damages on the ground that this case was brought up for delay only. We base our refusal on the fact that the question of the result of the receipt by the shipper's agent of some of the goods on arriving at their destination contains some merit.

Railroads. Damages. Negligence. Contracts. Practice in Supreme Court. Before Judge CLARK. Fulton Superior Court. October Term, 1881.

Reported in the decision.

HENRY HILLYER; HOPKINS & GLENN, for plaintiff in error.

P. L. MYNATT, for defendant.

SPEER, Justice.

The defendants in error brought their action to recover damages against the plaintiff in error for failure to deliver certain goods entrusted to them. They alleged "that in October, 1876, they entrusted plaintiff in error as a common carrier with certain goods, at their depot, in said county, to-wit, six boxes of trees, and three boxes and one bale of trees, all of the value of ——; the six boxes were to be delivered to J. W. Baker, at Graham's, S. C., and the remainder were directed to be shipped and delivered to J. W. Baker, Kingstree, S. C., both shipments were directed to be sent *via* Columbia, S. C. . . . The shipments were made on the 30th and 31st of October, and marked and directed as stated. . . . The trees shipped were sprigs and sprouts for planting, and had been sold from their nurseries of shrubbery and fruit trees for that purpose to be delivered on certain days, to various persons, at the places mentioned, and said trees without again being planted would in a few days perish, and all this was well known to defendant. . . . When as a carrier it undertook to carry said trees from Atlanta, Ga., to Graham's and Kingstree, S. C., as said bales and boxes were marked and directed, and the said carriers agreed to send said trees *via* Columbia, S. C., and the same were so marked. This being the shorter and more direct route to destination. . . . But the defendant below disregarded said in-

struction and sent them by another and longer route, and did not carry said goods or securely deliver the same as it undertook and promised, but on the contrary so negligently conducted and misbehaved in regard to said goods as a common carrier that by reason thereof the same became and were lost to plaintiffs."

The defendant below pleaded that if said goods were ever received, the same were promptly and in due time delivered in good order to the South Carolina Railroad, being the next connecting road on to Graham's and Kingstree. That said goods were incorrectly marked, and the delay, if any, was caused by this mistake of the plaintiffs below. A full compliance with their contracts by the delivery of said goods, those destined to Kingstree on the 13th of November, 1876, and those at Graham's on the 20th of November, 1876.

Under the evidence and charge of the court, the jury returned a verdict for the plaintiffs. The defendant made a motion for a new trial, and the same being refused, defendant excepted.

It appears from the evidence that three boxes and one bale of the trees were received by the agents of the plaintiffs below on the 7th of November, 1876, at Kingstree, S. C., and were opened there and distributed to the purchasers who called for them ; four of the boxes destined for that point did not arrive for several days. The boxes directed to Graham's, S. C., did not arrive there till the 26th of November. These packages were all marked to their destination "*via* Columbia, S. C." That plaintiffs below had agents at these places of destination awaiting the arrival of the shipments at the time they were expected, and for several days after, to receive and distribute the same to the purchasers. Mr. Cole, one of the plaintiffs, testified that before these shipments were made he went to Werner, agent of the defendant below, to ascertain which was the best way to ship. Did not find him, and

went to see Selkirk, agent of the South Carolina road, but the interview was not satisfactory, and then went back to Werner's office and asked him to give witness through rates to Columbia, and he did so at 56 cents per hundred, and he then closed with him, and agreed that the goods should go *via* Columbia. Some of the receipts were marked "*via* Columbia," and others were not. It was also proved that the nearest route for shipment *via* Columbia to their destination was from Atlanta to Augusta, thence by the Charlotte, Columbia and Augusta Railroad to Columbia, thence by the Wilmington, Columbia and Augusta road to Florence, thence by the North-Eastern road to Kingstree and Graham's. It appears further, that the defendant below, on the arrival of these shipments at Augusta, delivered them in good order to the South Carolina Railroad, and by them they were shipped over their road to Charleston, a portion landing at Graham's station, on their road, and balance were transported by Charleston to Kingstree. There is no evidence that any of the goods were shipped over the Charlotte, Columbia and Augusta road to Columbia, and thence to their destination, or by Columbia, as directed by plaintiffs. But on the contrary, the witness of the Georgia Railroad and its agent testifies they went on the South Carolina road by Branchville to Charleston.

We think there was sufficient evidence before the jury to warrant them in believing that the shipments were directed to be made over the Charlotte, Columbia and Augusta Railroad from Augusta *via* Columbia to their destination. Take the testimony of Cole and of Werner, and we think such a conclusion reasonable, and it seems at the time to have been so understood by both parties.

1. This being the contract as we may reasonably infer from the testimony, then the delivery of these goods by the Georgia Railroad and Banking Company at Augusta to the South Carolina Railroad running from Augusta to Charleston, and sending them to Charleston (though with a

branch on its line to Columbia) was a violation of the contract and a conversion of this property, and made the Georgia Railroad liable for their value. 26 *Ga.*, 617; 14 *Ib.*, 283. It may well be inferred that this divergence from the line of shipment contracted for led to the loss of some of the missing goods, and also to the long delay of others which defeated in a great measure the object of shipment, and the failure to dispose of them on their tardy arrival at the points of shipment.

2. As to the agent of plaintiffs receiving from the railroad those so long delayed, on their arrival at Kingstree, we do not think such receipt would relieve the defendant below from liability. What was disposed of by this agent on their arrival (under the instructions of the court to the jury) the defendant below received credit for, and what was not disposed of and lost by the delay we think the company should pay for. It is a well settled rule, that the mere acceptance of goods on their arrival is not a waiver of loss by delay. Hutchinson on Carriers, §775.

Our conclusion, therefore, is that the Georgia Railroad has not relieved itself, under the evidence in this case, from liability by delivering these shipments to the South Carolina Railroad in good order as a connecting road, as it now seeks to do, when it appears they were shipped over said road to Charleston and not *via* Columbia. Their liability commenced on the delivery of the goods to them. It ceases with their delivery at destination according to the direction of the person sending. Code, §2070; 25 *Ga.*, 231. Hutchinson on Carriers, §§199, 108.

By failing to deliver to the connecting road on the line directed under the contract and as evidenced by the marks on the packages, but delivering them to a different road to pass over a different line or route, they converted the goods and became liable on their loss for their value, whether such loss was occasioned by delay or otherwise. 26 *Ga.*, 617; 14 *Ib.*, 283; 8 W. H. & G., 341; Hutchinson on Carriers, §199.

We think the law of the case was fairly submitted, and there being sufficient evidence to support the verdict, we decline to disturb it.

3. Counsel for defendants in error insist upon damages being assessed by this court for the reason this cause was brought here for delay only. We have hesitated whether or not under the facts of this case the claim for damages is not well founded, and we withhold them alone upon the ground in the record that as some of the trees shipped to Kingstree were received by the agents of the plaintiffs below, the question was probably a proper subject of inquiry whether the defendant below should be held liable for any of those trees thus received, and whether, as they were so received, it did not devolve upon the plaintiff below to show affirmatively that what were not sold and accounted for proved a loss to defendant. This question alone induces us to conclude the case had some merit in it and was not brought here for delay alone.

The evidence on the main issue shows in this shipment the defendant below did not follow the directions of the shipper to send the goods by way of Columbia, but they were sent by the South Carolina railroad to Charleston on their way to Graham's and Kingstree, and for this defendant below was clearly liable.

Judgment affirmed.