## BIRD *vs.* THE GEORGIA RAILROAD.

1. A carrier who receives goods to be carried over its own lines and over successive lines of transportation connected therewith, to be delivered at some distant point, acts as the forwarding agent of the owner in giving instructions as to the transportation of the goods; and in case of a mistake by the first carrier in directing the goods, the last carrier will have a lien upon them for the freight earned by it, unless the owner gave notice of the route and the lines of road over which his goods were to be transported.

2. If goods were shipped over a connecting line of roads, and there were two routes by which the terminal point could be reached, one of which was designated by direction of the consignee, who was also the owner, but they were, in fact, sent to the terminal point by the other route, if the road so wrongly receiving them knew of the direction as to their shipment when it received them, its transportation of the goods would be voluntary; it would have no right to charge freight for transportation, would have no lien on the goods for such charges, and could not retain possession for the purpose of collecting them.

3. A demand by the consignee and refusal by the defendant to deliver the goods would be a conversion for which trover would lie; and the county where such demand and refusal occurred would be the proper venue of the action.

4. Whether the carrier receiving and transporting the goods had knowledge of the direction that they should be transported by a different line, was a question of fact for the jury; and the marks on the goods, with other circumstances, could be considered in determining that question.

March 4, 1884.

Railroads. Damages. Negligence. Trover. Conversion. Contracts. Before Judge ESTES. Clarke Superior Court. November Term, 1883.

Reported in the decision.

GEORGE D. THOMAS, for plaintiff in error.

J. B. CUMMING, for defendant.

BLANDFORD, Justice.

The plaintiff in error brought his action of trover against

defendant.    Upon the trial of the case, he showed that he shipped the goods sued for from Cincinnati and other points to Athens, Georgia.    Bills of lading were taken by plaintiff, which specified that the goods were to be shipped from Atlanta to Athens via Richmond and Danville Railroad ; on the packages of goods were marked, "John Bird, Athens, Georgia, via R. & D. R. R."    The defendant company received the goods at Atlanta, from the Western & Atlantic R. R., and carried them to Athens.    Plaintiff tendered the freight charges to Atlanta, and demanded that the goods be delivered to him.    This demand was refused by defendant, unless plaintiff would also pay the freight charges from Atlanta to Athens, and asserted its right to retain the goods for its lien for such freight charges.    It was also shown that there was a way-bill accompanying these goods, which indicated that the goods were to be transported over defendant's road.    The court, among other things, charged the jury that "a deviation from the route over which goods are ordered to be shipped gives no rights of action, unless such deviation is accompanied with loss or damage."    "A deviation by a railroad company from the route selected, and for which instructions are given by the shipper, will not amount in law to a conversion, unless such deviation is accompanied with loss or damage."    "When goods are shipped over a specified route, which includes several connecting railroads, and one of those intermediate roads diverts the goods from such specified route, and sends them to their destination without loss or damage, the last road (although not in the specified route), will have a lien for its reasonable freight charges, and may hold the goods until such charges are paid, unless actual notice be given to such road by the shipper not to receive or transport the goods."

The jury, under these instructions, found for the defendant ; whereupon plaintiff moved the court for a new trial, alleging as error the charges aforesaid.    The court refused

the motion, and this writ of error is prosecuted to reverse the rulings of the court below.

1, 2, 3, 4. A carrier who receives goods to be carried over his own lines, and over successive lines of transportation connected with it, to be delivered at some distant point, acts as the forwarding agent of the owner in giving instructions as to the transportation of the goods; and in case of a mistake by the first carrier in directing the goods, the last carrier will have a lien upon the goods for the freight earned by it, unless the owner gave notice of the route and the lines of road over which his goods were to be transported. 6 Allen, 246. If the plaintiff's goods were to be shipped over the Richmond and Danville Railroad from Atlanta to Athens by the direction of the plaintiff, and if such direction was known to the defendant when it received the goods at Atlanta, the transportation of the goods, under these circumstances, by defendant to Athens would be voluntary, and for which it would have no right to charge freight for their transportation, and would have no lien on the goods for such freight charges, and consequently could not retain the goods in its possession for such charges. A demand by the plaintiff and refusal by defendant to deliver the goods would be a conversion for which trover would lie, and the county where such demand and refusal occurred would be the proper avenue of the action.

The main question in this case is, did the defendant know, when it received the plaintiff's goods from the Western and Atlantic Railroad, that the same were to be transported over the Richmond and Danville Railroad, or were the facts sufficient to charge the defendant with such knowledge? If so, then the defendant would have no right to demand pay for such transportation. The question whether defendant had such knowledge was a question for the determination of a jury, under the facts, and it would be proper for them to take into consideration the marks on the several packages of goods; did these marks indicate that the goods were to go by way of the Richmond

and Danville Railroad? This, together with other facts submitted in evidence, should be considered, and they should find whether defendant knew that plaintiff had directed his goods shipped over another line of road than defendant's; and if such should prove to be the fact, the defendant would be liable in this action.

This question has not been fairly submitted for the consideration of the jury in the several charges of the court complained of.

Cases cited by plaintiff in error : Code, §719 (q); 68 *Ga.*, 623; 26 *Id.*, 619; 14 *Id.*, 283; 48 *Id.*, 85; Code, §2077; 25 *Ga.*, 707; Hutch. on Carriers, §§447, 491, 468, 443, 310; Lawson on Carriers, §11; 8 Gray, 262; 9 *Id.*, 231; 5 Cushing, 137; 1 Doug., 1.

For defendant in error: Hutch. on Car., 478; 6 Allen, 246; 105 Mass., 267; 8 Gray, 262, 266; 100 Mass., 515, 262; Sedgewick on Damages, 97.

Let the judgment refusing the new trial be reversed.