394    SUPREME COURT OF WISCONSIN.    [106

The S. D. Seavey Co. vs. The Union Transit Co.

The S. D. Seavey Company, Respondent, vs. The Union Transit Company, Appellant.

*March 20 — April 6, 1900.*

Carriers: Breach of contract: Delivery to another carrier: Liability for loss.

A railway company received goods consigned to plaintiff at West Superior, upon a bill of lading providing for their transportation over the company's road, in care of a certain steamship company at Buffalo, from which point to West Superior the latter operated a regular line of boats. At Buffalo the railway company delivered the goods to a different steamship company, the defendant, which ran a line of boats to West Superior and Duluth, and which contracted to transport the goods to West Superior on a specified vessel. Defendant had no notice or knowledge of the original transportation contract. For its own convenience defendant transferred the goods at Duluth to a railway company to be carried to West Superior, and while in possession of such railway company the goods were damaged. *Held:*

(1) Except as it constituted the first carrier a forwarding agent, the original bill of lading has no force as between plaintiff and defendant, and its provisions as to the duties and responsibilities of an intermediate and forwarding carrier are irrelevant.

(2) The delivery to another carrier at Duluth was a breach of defendant's contract and rendered it liable as an insurer for any injury or loss that would not have occurred had it performed its duty.

Appeal from a judgment of the superior court of Douglas county: Charles Smith, Judge. *Affirmed.*

The Delaware, Lackawanna & Western Railroad received certain goods consigned to the plaintiff, resident at West Superior, upon a bill of lading providing for their transportation over that company's road, in care of the Northern Steamship Company, for delivery to the plaintiff at West Superior, to which point it operated a regular line of freight boats. That contract contained printed provisions exempting the railroad company from liability beyond its line

and constituting it merely a forwarding agent.    At Buffalo
the merchandise was delivered by the railway company to
the defendant, the *Union Transit Company*, which ran a line
of steamboats from Buffalo to West Superior and Duluth.
The manifest was in the following words: " Lake Manifest
No. 3,058–187, Made at Buffalo, N. Y., Nov. 7, 1897. Freight
forwarded by the Delaware, Lackawanna & Western Rail-
road, via the *Union Transit Co.*, to West Superior, on
steamer Portage, trip No. 13."    No notice or knowledge of
the original transportation contract was given to the de-
fendant.    For reasons of its own convenience, the steamer
Portage did not go to West Superior on that trip, but direct
to Duluth, where it transferred these goods to the Omaha
Railroad for transportation to the plaintiff, to whom they
were delivered by the railroad company, damaged while in
its possession by freezing and loss $156.25.    Upon trial of
the case by the court without a jury, the foregoing facts, to-
gether with others, were found, and judgment was rendered
in favor of the plaintiff and against the defendant for said
amount, with interest and costs, from which this appeal is
taken.

For the appellant there was a brief by *H. H. Grace* and
*Searle & Spencer*, and oral argument by *Mr. Grace*.

*H. V. Gard*, for the respondent.

DODGE, J.    Much argument was indulged in as to the du-
ties and responsibilities of an intermediate and forwarding
carrier under the terms of the transportation contract en-
tered into with the Delaware, Lackawanna & Western Rail-
road, which is quite irrelevant to the present situation. That
contract can have no force here, save as it constitutes the rail-
road company a forwarding agent for the owner of the goods.
The contract made by it in that capacity with the defend-
ant was an entire one, for transportation to West Superior on
a specified vessel.    It did not contemplate that the defendant

was to carry to some other point and then forward by a different carrier to the plaintiff. The contract was broken, and defendant's duty as a carrier was disregarded. No excuse for failure to deliver via the vessel Portage at West Superior is offered, except that, owing to the small amount of freight for that point and the lateness of the season, the defendant preferred to proceed direct to Duluth and transmit the goods by car to West Superior. This goes only to the convenience of the defendant, which cannot excuse its breach of duty by such considerations. Under its contract it had no right to adopt any method other than that specified for transportation and delivery of the goods, and, when it did so, it became liable as an iusurer for any injury that might result by reason of its unauthorized act. *Johnson v. N. Y. C. R. Co.* 33 N. Y 610, 612; *Goodrich v. Thompson*, 44 N. Y. 324, 334; *Wilts v. Morrell*, 66 Barb. 511. The injury to and loss of plaintiff's property would not have occurred had defendant performed its duty as expressed in its contract, and it cannot escape liability therefor. The judgment is right.

*By the Court.*— Judgment affirmed.