THE CHICAGO GREAT WESTERN RAILWAY COMPANY
v. W. T. DUNLAP *et al.*
No. 14,033.  (80 Pac. 34.)
SYLLABUS BY THE COURT.

1. RAILROADS—*Non-delivery of Freight.* In an action against
a railroad company for the non-delivery of goods shipped
over its line the burden is on the defendant to plead and
prove any special agreement it may have limiting its lia-
bility as a common carrier.

2. —— *Burden of Proof.* Before a common carrier can
claim immunity from the loss of goods delivered to it for
carriage by reason of a special agreement it must show that
the agreement relieved it from the wrongful acts charged in
the petition.

Error from Wyandotte district court; E. L.
FISCHER, judge.  Opinion filed March 11, 1905.  Af-
firmed.

*Frank Hagerman, Miller, Buchan & Miller,* and *A.
F. Smith,* for plaintiff in error.

*W. H. McCamish,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.:  Plaintiffs brought this action against
the defendant as a common carrier to recover the
value of household goods shipped by them over the
defendant's line of road from Minneapolis, Minn., to
the Fifth street depot in Kansas City, Kan.  The
wrong alleged was that, through the negligence of the
defendant, the goods were carried past their destina-
tion and into Kansas City, Mo., and there unloaded
from the car and stored in defendant's depot, where
they were destroyed by fire.  A judgment having been
rendered for the value of the goods, the defendant
prosecutes this proceeding in error.

The defendant pleaded a special agreement, signed
by W. T. Dunlap, one of the plaintiffs, in which he

agreed, in case of total loss or damage to the goods, to accept five dollars per hundredweight.

The agreement relied upon by the defendant is as follows:

"CHICAGO GREAT WESTERN RAILWAY.
"PROPERTY RELEASE.
"MINNEAPOLIS, MINN., 10-17-1902.

"Consignee and destination: W. T. Dunlap, Fifth street depot, Kansas City, Kan.

"Description of articles: Lot of H. H. goods. (Released to valuation of $5 per hundred pounds in case of total loss or damage.)

"The Chicago Great Western Railway Company having received the above property from W. T. Dunlap, consigned to W. T. Dunlap, for transportation on their line from Minneapolis, Minn., station, to Fifth street depot, Kansas City, Kan., station, I do hereby release the said company, and all other transportation companies over which said property must pass to arrive at its destination, from all liability from chafing, breakage or damage of whatever kind, except such as may occur from negligence of the company by collision of trains, or by cars being thrown from the track in course of transportation, and I agree to pay all charges accruing on the same at tariff rates.

"I do also release said company from all loss or damage that may occur to any freight shipped by me, above entered, after it has been unloaded from the cars at Kansas City station on their line.

W. T. DUNLAP, *Shipper.*

"Witness: THEO. HEDSTROM."

The defendant also alleged that the goods arrived in Kansas City and were unloaded from the car and placed in the defendant's station-house on the 21st day of October, 1902; that the same day W. T. Dunlap was notified through the mail of their arrival but neglected to send for or remove the goods within a reasonable time; that he permitted them to remain in the station-house of defendant until the 25th day of October, 1902, at which date, without fault or negligence on the part of defendant, its station-house, together with the goods, was destroyed by fire.

The fact is undisputed that the defendant carried the goods to Kansas City, Mo., where they were unloaded and stored in its freight-station, and there destroyed by fire.

Plaintiff in error contends: (1) That plaintiffs failed to notify it within thirty days after the time when the goods should have arrived at their destination that they had not been received; (2) that if the goods were destroyed through the negligence of plaintiff in error it could only be held liable therefor at the rate of five dollars per hundredweight. A bill of lading was introduced in evidence, which contained a condition requiring the shipper to notify defendant within thirty days after the time when the goods should have arrived at their destination that they had not been received. The plaintiffs did not comply with this condition.

The defendant pleaded a specific agreement giving it immunity from certain of its common-law liabilities, but did not plead the provisions of the bill of lading now invoked, nor did it ask the court to give the jury any instructions on this contention. Where a common carrier relies upon a special agreement which relieves it from any of its common-law liabilities it must bring itself within the exceptions by its pleadings. In *Southern Pac. Co. v. Arnett et al.*, 111 Fed. 849, 50 C. C. A. 17, it was said:

·  "A special contract exacted by a carrier is a defensive weapon to be used by the carrier when sued by the shipper for an alleged violation of duty against which it was designed to afford protection, and a shipper suing to recover damages for negligence, on account of which the carrier is liable notwithstanding the contract, is not required to declare upon such contract."

To the same effect are *McCoy v. The K. & D. M. R. Co.*, 44 Iowa, 424; *Lindsley v. Chicago, Milwaukee & St. Paul Ry. Co.*, 36 Minn. 539, 33 N. W. 7, 1 Am. St. Rep. 692; *Green et al. v. Indianapolis & St. Louis R.*

*R. Co.*, 56 Mo. 556; *Western Transportation Co. v. Newhall et al.*, 24 Ill. 466, 76 Am. Dec. 760; *Gaines v. Union Transportation and Ins. Co.*, 28 Ohio St. 418; *T. W. & W. R. W. Co. v. Hamilton et al.*, 76 Ill. 393.

In volume 6 of the Cyclopedia of Law and Procedure, at page 519, it is said:

"So if the carrier seeks to escape liability on the ground that the loss of or injury to the goods is one excepted by a valid special contract, he has the burden of proving not only the making of such special contract, but also that the loss or injury for which action is brought falls within a specified exception contained in such special contract."

Counsel for plaintiff in error rely on *Kalina v. Railroad Co.*, 69 Kan. 172, 76 Pac. 438, to support the contention that plaintiffs were required to prove they had given the notice provided for in the bill of lading. That case is distinguishable from the present case in this: That action was brought upon a contract, a condition of which was that within a certain time, and before plaintiff could recover, he was required to give a certain notice. The present action is not on contract.

In the present case, if the defendant had other legal reasons why it should not be held for the loss of plaintiff's property it should have pleaded them. Not having done so, it is held to have waived all such defenses.

The second contention is that in no event is the defendant liable for a greater amount than the value of the goods at five dollars per hundredweight. Assuming the agreement limiting defendant's liability to be good, it was made with reference to the obligation which the defendant assumed, viz., to ship the goods over its line to the Fifth street depot in Kansas City, Kan. The agreement did not contemplate the carriage of the goods beyond their destination, or that they would be unloaded from the car and stored in a

place other than at their destination. The agreement anticipated a shipment of the goods over defendant's regular route of travel from the place of receipt to their destination, and a delivery at the station mentioned in the agreement. A common carrier is liable for goods lost in transit, where it unnecessarily deviates from the regular route of travel, or unnecessarily stops the goods short of their destination, or carries them beyond their destination, if destroyed while outside the regular line of travel, or at either of such places of stoppage, notwithstanding an agreement limiting its common-law liability, unless such agreement makes provisions for such deviation or stoppage. (*Powers v. Davenport*, 7 Blackf. [Ind.] 497, 43 Am. Dec. 100; *Crosby v. Fitch*, 12 Conn. 410, 31 Am. Dec. 745; *Robertson v. N. S. Co.*, 139 N. Y. 416, 34 N. E. 1053; *The Georgia Railroad Co. v. Cole & Co.*, 68 Ga. 623; *Phillips et al. v. Brigham, Kelly & Co. et al.*, 26 Ga. 617, 71 Am. Dec. 237.)

In *Merchants' Despatch Tr. Co. v. Kahn et al.*, 76 Ill. 520, where the goods were received at Manchester, Mass., to be transported to Mattoon, Ill., they were carried by way of Chicago instead of by way of Indianapolis, the usual route, and while stored in Chicago awaiting a reshipment they were destroyed by the great fire of 1871. It was held that the carrier was not exempt from liability on the ground of inevitable accident, as there was no compulsion to take the goods through Chicago.

In the case of *The S. D. Seavey Co. v. The Union Transit Co.*, 106 Wis. 394, 82 N. W. 285, the defendant received a consignment of goods from plaintiff at West Superior, upon a bill of lading providing for transportation over the company's road in care of a certain steamship company at Buffalo, from which point to West Superior the latter operated a regular line of boats. At Buffalo the railroad company delivered the goods to a different steamship company,

which contracted to transport the goods to West Superior on a specified vessel. At Duluth the goods were transferred to a railroad company to be carried to West Superior, and while in possession of such railway company the goods were damaged. It was held that the delivery to another carrier at Duluth was a breach of the defendant's contract and rendered it liable as an insurer for any injury or loss that would not have occurred had it performed its duty.

It is unnecessary to take up separately each of the contentions of the plaintiff in error, as they all fall within one of the principles here discussed. There was no material error committed in the trial of the cause.

The judgment is affirmed.

All the Justices concurring.