## SEABOARD AIR LINE RAILWAY v. FRIEDMAN.

1. The plaintiff sued for damages for the breach of a contract for the transportation of goods which were delivered to the defendant at Vidalia, Georgia, to be transported to Savannah.

(a) The declaration proceeds upon the theory that the shipment from Vidalia to Savannah was initial, and the plaintiff does not, by his pleadings, invoke the rules of law governing the interchange of freight between connecting carriers.

(b) The defendant is liable to the plaintiff for any damage to the property to be transported, resulting from injury caused by the negligence of the defendant's servants after, but not before, the property was received by them for transportation.

(c) Under the evidence submitted, the Macon, Dublin & Savannah Railroad Company was the agent of the plaintiff for the purpose of delivering to the defendant the property intended to be transported from Vidalia to Savannah.

2. The evidence was of such character as to show that, under a prevailing custom at Vidalia, the mere placing of a car by the Macon, Dublin & Savannah Railroad Company upon the "transfer track" owned and maintained by the latter company, in the absence of some affirmative act by an authorized agent of the defendant, amounting to an acceptance, was not a delivery of the car to the defendant. A delivery under such custom would not be complete before actual acceptance of the car by the train crew of the defendant, whose duty it is to carry it upon its route.

3. Under the issues made by the pleadings, the written contract which was introduced in evidence by the defendant was not relevant upon the questions made by the defendant; and the charge of the court with respect thereto does not, for any reason stated, furnish the defendant good ground for a motion for new trial.

4. The verdict for the full principal sum alleged to be due in the plaintiff's declaration is unauthorized by the evidence, for the reason that it affirmatively appears from the uncontradicted evidence that some of the damage covered by the verdict accrued to the plaintiff before the property was received by the defendant for transportation.

Submitted March 12,—Decided May 16, 1907.　Rehearing denied June 15, 1907.

Action for damages. Before Judge Cann. Chatham superior court. July 13, 1906.

*J. Randolph Anderson* and *Thomas F. Walsh Jr.,* for plaintiff in error. *Stubbs & Chapman,* contra.

ATKINSON, J. 1. This is the second appearance of this case before this court. See 124 *Ga.* 472. As ruled then, the action is for damages arising from breach of contract, and not for damages arising from a tort. Upon no other theory was it held that the venue was properly laid in Chatham county. By paragraph 4 of the plaintiff's declaration it is, among other things, alleged: "That on the 22d day of January, 1904, petitioner shipped from Dublin in said State, via the Macon, Dublin & Savannah Railroad, to Vidalia, the point at which it connects with said defendant's line of road, a car of cattle consigned to petitioner at Savannah, Chatham county, Georgia; that said defendant received said car of cattle in the afternoon or early evening of January 22, 1904, in good order from said Macon, Dublin & Savannah Railroad Company, and then and there undertook to ship and transport the same to Savannah, with reasonable dispatch and care, and there deliver said cattle to your petitioner in good order." It is not alleged anywhere, in the declaration, that any written contract was executed. Hence the contract declared upon is only such as the law implies from a mere delivery of goods by any person to a railroad company to be carried as freight to a designated place. The entire undertaking upon the part of the defendant in this case, so far as the record discloses, is expressed in the last part of the foregoing excerpt, where it is said: "And then and there [referring to Vidalia] undertook to ship and transport the same [referring to the car-load of cattle] to Savannah, with reasonable dispatch and care, and there deliver said cattle to your petitioner in good order." This states the contract and is the gist of the entire averment on this point. Under this declaration, it was after the goods were received by the defendant at Vidalia that the contractual relations between the plaintiff and the defendant began, and not before. The plaintiff proceeds upon the theory that the shipment from Vidalia was initial, and does not invoke the rules of law governing the interchange of freight between connecting carriers. For a recovery the plaintiff will be restricted to the contract which he pleads. Under the law and the contract as pleaded, the defendant will be liable to the plaintiff for any damage resulting from injury to the goods caused through the negligence of the defendant's servants after the goods

were received by the defendant, and not before. For the purpose of delivery of the goods to the defendant at Vidalia, the Macon, Dublin & Savannah Railroad Company was the agent of the plain-tiff. *Georgia R. Co.* v. *Murrah,* 85 *Ga.* 347; *Bird* v. *Georgia Railroad,* 72 *Ga.* 655. See also *Goodin* v. *Southern Railway Co.,* 125 *Ga.* 630; 5 Am. & Eng. Ann. Cas. 573.

2. In proving delivery of the car-load of cattle to the defendant at Vidalia for transportation to Savannah, in accordance with his pleadings, the plaintiff relied upon the agency of the Macon, Dublin & Savannah Railroad Company. From the evidence it appears, that the Macon, Dublin & Savannah Railroad Company owned and maintained a special railroad track which was known as the "transfer track;" that the prevailing custom for the delivery of cars by that company to the defendant was simply to place on the "transfer track" the car intended to be delivered, whereupon the train crew of the next train of the defendant, going in the direction of the car's destination, would, upon finding the car on such "transfer track," take it therefrom, attach it to the defendant's train, and carry it over the defendant's main line. In this instance the evidence disclosed that in pursuance of this custom the car was placed upon the "transfer track" by the employees of the Macon, Dublin & Savannah Railroad Company, in the afternoon, to await the coming of the first train of the defendant going in the direction of Savannah, which was due about 5 o'clock the next morning. The same person was station agent for both railroads at Vidalia, but the evidence does not show that he knew of the placing of the car on such track, or that he or any other agent of the defendant accepted it for the defendant. Under these conditions, the mere placing of the car on the "transfer track" was not a delivery to the defendant. Under the custom proved, and in the absence of some affirmative act by some authorized agent of the defendant, amounting to an acceptance of the car, the placing of the car on the "transfer track" was a mere tender; and delivery thereof would not be complete before it was actually accepted by the train crew of the defendant's road, to carry it upon its route.

3. In the first division of this opinion it was noted that the plaintiff declared upon an implied contract, and that his right to recover would be restricted to that particular contract. The defendant's answer was a mere denial of the plaintiff's allegation, and did

not suggest the existence of a different contract concerning the same transaction. No special plea was filed. The defendant did not seek an abatement of the plaintiff's suit upon the ground that he had declared upon a contract different from that under which the transportation was really undertaken. But it appears that on the trial the defendant introduced such a contract, which, so far as the record discloses, was admitted in evidence without objection. That contract contained certain stipulations tending to limit the liability of the carrier, referring to the computation of damages in cases of injury to freight, and imposing upon the consignee the duty of making a written claim for damages within a specified time. The defendant, in one of the grounds of his motion for new trial, complains that the court, without written request so to do, failed to charge the jury that it was the indispensable duty of the consignee to make the written demand for damages in accordance with the provisions of the contract. In another ground of the defendant's motion for a new trial complaint is made because the judge, in his instructions to the jury, in effect submitted to them the question as to whether or not the shipment over the defendant's road was by virtue of the written contract, and instructed them that if they should find that it was by virtue of the written contract, it would be their duty, in computing the damages, to be governed by the market price at the place of shipment, rather than at the place of destination, but if they should not find that the transportation was by virtue of the written contract, the market price at the place of destination would apply. The criticism was to the effect that the court should not have submitted these questions to the jury, but, under the undisputed evidence, should have instructed the jury that the written contract did apply; that the court should have construed the contract and should have instructed the jury that the market price at the place of consignment would apply in the computation of damages. We do not think that there is anything in these grounds of the defendant's motion for new trial which will require a reversal of the judgment for the reasons assigned. In the absence of appropriate pleadings, the relevancy of the written contract, for the purpose relied upon by the defendant, does not appear. Its introduction in evidence, so far as the defendant is concerned, tended only to confusion. The fact that it was admitted without objection would not require the court to deal with it in a manner not author-

ized by the pleadings. Any error complained of which the court may have made with respect thereto was foreign to the issues before the court, and should not require the grant of a new trial.

4. The general grounds of the motion for new trial, and the ground that the verdict was excessive, are meritorious. It will be borne in mind that the defendant is responsible only for the damage which accrued after the car was received by it for transportation. The plaintiff, in his declaration, laid his principal damages at $405, and claimed interest and attorney's fees. His damages were charged upon the basis of the animals being in good condition at the time of delivery to the defendant. His damage on account of the loss of the animals which died was laid at their full value; and his damage on account of the injury to the animals which did not die, at a partial loss. His claim contemplated substantial injury to all of the animals. The verdict was in his favor for the exact principal sum alleged to be due, without interest and without attorney's fees. In order to sustain this full recovery of the amount of damages alleged in the petition to have accrued, it must appear that none of the injury complained of had occurred before the defendant received the car; because the plaintiff makes claim for them as having been in good condition at that time, and makes no allowance for any injury which may have been received beforehand. Upon this point the evidence does not sustain the finding. It affirmatively appears, without contradiction, that immediately after the arrival of the car in the afternoon at Vidalia, and before it was placed on the transfer track, the cattle were found to be in bad condition, and three of them so badly injured as to be down and unable to stand; that with them in such condition, the employees of the Macon, Dublin & Savannah Railroad Company caused the car to be placed upon the transfer track, where it was intended by that company they should remain until about five o'clock the next morning, to await the coming of the first scheduled train on the defendant's line of road, then to be taken and carried to Savannah. The defendant's train arrived the next morning on time, and, upon finding the car, the train crew removed it from the transfer track to the defendant's main line, and attached it to the defendant's train to be carried to Savannah, but the conductor immediately discovered the condition of the animals, refused to take the car, and put it back upon the transfer track. Very soon after it was returned

to the transfer track, the employees of the Macon, Dublin & Savannah Railroad Company caused the animals to be taken out of the car; at which time five or six of them were found to be dead, and others in bad condition. There was in the evidence nothing to indicate the amount of injury which had been sustained by the animals before the defendant received them, or the amount of damage arising from such injury, but it is manifest that the damage was substantial and considerable. The evidence of such substantial injury demanded that the verdict be less than what it might have been had the animals been in good condition at the time they were received by the defendant. But the verdict for the full principal sum claimed covered the entire injury, and was therefore excessive and contrary to the evidence.

*Judgment reversed.　All the Justices concur.*