SEABOARD AIR-LINE RAILWAY *v.* SOUTHERN FLOUR & GRAIN CO.

FISH, C. J. When an owner delivers goods to a carrier for transportation
to a destination beyond its line, and for that purpose to be delivered
by it to a connecting carrier in order to continue the transportation,
or where it becomes necessary for that purpose to make successive
deliveries from one to another upon a continuous line or succession of
carriers, the first and each succeeding carrier, if each conducts business
independently of the others, becomes the agent of the owner to make
delivery of the goods to the next carrier; and if, in such case, the
initial carrier gives to the owner a bill of lading by the terms of
which the goods are to be delivered at the terminus of its line to a
named connecting carrier to be transported over the latter's line and
certain other designated lines to destination, and, by the fault or negli-
gence of the initial carrier, the goods are transported to destination
over other lines than those named in the bill of lading, the final carrier
has the right to pay the charges for freight, if within the ordinary rates
and apparently regular, of the prior connecting carriers over whose lines
the goods were transported, and to hold the goods for reimbursement,
as well as for its own share of the freight earned and for demurrage
due it; provided, the final carrier had no knowledge or notice of the
agreement between the owner and the initial carrier, embodied in the
bill of lading, as to a different routing of the goods. *Bird* v. *Georgia
R.,* 72 *Ga.* 655; *Georgia R. Co.* v. *Murrah,* 85 *Ga.* 343 (11 S. E. 779),
and authorities cited; *Goodin* v. *Southern Railway Co.,* 125 *Ga.* 630,
634 (54 S. E. 720, 5 Ann. Cas. 573); *Seaboard Air-Line Ry.* v. *Fried-
man,* 128 *Ga.* 316, 318 (57 S. E. 778); 1 Hutch. Car. (3d ed.) § 139;
4 Elliott on Railroads (2d ed.), § 1451; 5 A. & E. Enc. Law (2d ed.),
406, 408; 11 Notes to American Decisions 747, annotations to *Briggs*
*v.* Boston & L. R. Co., 6 Allen, 246 (83 Am. D. 626).

(*a*) The final carrier and the next preceding connecting carrier would
be none the less independent carriers merely because the settlement of
the proportionate freight charges due each of them, according to regular
published rates for goods carried over both lines, was made by their
respective auditors at stated intervals, instead of such charges being
paid at the junctional point by the receiving line to the delivering line.

(*b*) Applying the law as above announced to the facts of this case, the
trial judge erred in directing a verdict for the plaintiff in an action
of trover and bail, brought by the owner of goods against the final
carrier; and in overruling the motion for new trial made by the de-
fendant.          *Judgment reversed. All the Justices concur.*

LUMPKIN and ATKINSON, JJ., concur because in their opinion the case is
controlled by the decision in *Bird* v. *Georgia R.,* 72 *Ga.* 655.

AUGUST 19, 1912.

Trover.   Before Judge Pendleton.   Fulton superior court.   May
9, 1911.

*Brown & Randolph* and *Hugh M. Scott,* for plaintiff in error.
*Walter McElreath,* contra.