### 7530. POWELL, for use, etc., *v.* SEABOARD AIR-LINE RAILWAY.

1. There being no evidence that would authorize the jury to find that the cottonseed alleged to have been damaged by reason of failure of the defendant railway company to transport and deliver it in a reasonable time was damaged to any extent in course of transportation on the defendant's line, though it was admitted that there was unreasonable delay in transportation thereon, the court did not err in not giving to the jury an instruction (not requested) to the effect that if they determined that the cottonseed became damaged to some extent in the movement of the car on the defendant's line, the plaintiff should recover the amount of the damage, regardless of whether the plaintiff or the defendant was negligent in the delay which followed at the point of destination.

2. It appearing from the initial carrier's bill of lading, introduced by the plaintiff, that there were demurrage charges on the shipment when received by the defendant railway company, the court did not err in charging the jury that the defendant had the right to hold the freight for such charges, and not deliver it until payment of the charges or an agreement by the consignee to assume them.

3-4. The evidence authorized the verdict.

DECIDED DECEMBER 12, 1916.

Action for damages; from city court of Savannah—Judge Davis Freeman. May 15, 1916.

*Osborne, Lawrence & Abrahams, David S. Atkinson,* for plaintiff in error. *Anderson, Cann, Cann & Walsh,* contra.

BROYLES, J. The 1st and 2d grounds of the amendment to the motion for a new trial are merely amplifications of the general grounds, attacking the sufficiency of the evidence to support the verdict, and will be considered under the general grounds. The 3d ground of the amendment to the motion for a new trial is expressly abandoned in the brief of counsel for the plaintiff in error.

1. Complaint is made in the motion for a new trial that the court failed to instruct the jury that if they determined that the

cottonseed became damaged to some extent by the delay in the movement of the car from Cordele to Savannah, the plaintiff should recover the amount of this damage, regardless of whether the plaintiff or the defendant was negligent in the delay in Savannah, the defendant having admitted that the movement from Cordele to Savannah was unreasonable, and the evidence having shown that the cottonseed would deteriorate unless handled quickly. The petition alleged and the evidence showed that there was a delay in this shipment of about two days on the line of the initial carrier, the Albany & Northern Railway, for which delay it was not claimed that the defendant was liable; a delay of from three to four days on the Seaboard Air-Line Railway between Cordele and Savannah, and a delay of about two weeks after the arrival of the car in Savannah. There was no evidence which would have authorized the jury to say that the cottonseed became damaged to any extent while being transported from Cordele to Savannah. The court gave to the jury the law of the case, by covering all the substantial issues made by the pleadings and supported by the evidence, and therefore did not err, especially in the absence of a timely written request, in omitting to give the instructions mentioned above.

2. Exception was taken to the following charge of the court: "One of the chief differences between the parties in this case is as to the contention prevailing between the Southern Cotton Oil Company and the Seaboard as to deliveries—whether there was demurrage collectible in advance, or advance charges in the nature of demurrage, which the property brought along with it from the connecting carrier. Now I charge you, the defendant railroad company had a right to hold freight for advance charges of that character, and not deliver it until paid or an agreement is entered into between the parties for the assumption of them by the consignee." While there was no direct evidence as to whether the demurrage charges accrued before or after the cottonseed was loaded in the car, yet when the evidence as to the manner in which the loading was done is considered, a fair inference therefrom is that the demurrage accrued after the loading was begun, and certainly that at least a portion of the charges so accrued. Moreover the bill of lading issued by the initial carrier, coming from the possession of the plaintiff and introduced in evidence by him, showed upon its face that there were demurrage charges on this

car of cottonseed to the amount of $3; accordingly the defendant had the right to detain the car until payment of that amount, or until agreement by the consignee to pay it. *Georgia Railroad* v. *Murrah,* 85 *Ga.* 343 (11 S. E. 779). See also *Seaboard Air-Line Railway* v. *Southern Flour & Grain Co.,* 138 *Ga.* 604 (75 S. E. 654). Under such circumstances the plaintiff is estopped from denying the correctness of such charges. Under the Civil Code, § 3360, and the rule of the Railroad Commission of Georgia, known as Storage Rule No. 11, there was a lien upon the cottonseed in favor of the railroad company for these demurrage charges, and the court did not err in giving the instructions complained of.

3. It is complained that the verdict is contrary to law and the evidence because it appears, from the evidence, that there was an agreement between the consignee and the defendant that all cars of cottonseed billed to the consignee were to be delivered without regard to any freight or demurrage that might be charged against such cars, and because the evidence was insufficient to show that this agreement did not apply (as contended by the defendant) to cars upon which demurrage charges had accrued before the arrival of the car in Savannah, and because the evidence was insufficient to show that the defendant had notified the consignee of the arrival of the car in question, carrying demurrage charges. While it was undisputed that the above-mentioned agreement had existed for some time, it is also undisputed that the defendant, subsequently to that agreement, adopted a different rule, whereby it did not deliver to the consignee cars which came in with demurrage charges, unless the consignee, after being notified of the arrival of the cars carrying such charges, specifically agreed to pay the same. There was, however, an acute conflict in the evidence as to whether this last-mentioned rule was in existence at the time the car in question arrived in Savannah, and as to whether the defendant had promptly notified the consignee of the arrival of the car and of the demurrage charges thereon. There was enough evidence, however, to authorize the jury to find that the latter rule was in effect at the time of the arrival of the car in Savannah, and that the consignee had been promptly notified by the defendant of the arrival of the car and of the demurrage charges thereon.

4. The verdict was supported by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Hodges, J., absent.*