GREAT WESTERN RAILROAD COMPANY, Appellant, *v.*
ALEXANDER McDONALD, Appellee.

APPEAL FROM MORGAN.

A bill of lading is *prima facie* evidence of the matters contained in it; but is subject to explanation: and the carrier may show any injury, loss, fraud, or deceit occasioned or practiced, by any previous carrier, or by the shipper of the goods.

THIS was an action on the case against defendant as common carrier. Declaration contains three counts, substantially the same—alleging delivery of goods and loss of same by negligence of the defendants. Plea not guilty and issue. Verdict and judgment for the plaintiff.

The bill of exceptions shows substantially, that the plaintiff, on the 3d of March, 1855, had delivered to a railroad company at Philadelphia and took their receipt for two boxes of merchandise in good order, one of which contained the articles described in the declaration. The boxes were forwarded to Pittsburgh, thence via rivers Ohio, Mississippi and Illinois to Naples, where they were received by the agent of the defendant in apparent good order on the 24th of same month, and forwarded on the 26th of same month by Great Western Railroad with way-bill to Jacksonville; and on 28th of same month the agent of the company, then being under the impression that the boxes were in good order, delivered them to the agent of the plaintiff at Jacksonville, and took receipt for the boxes. Immediately after the arrival of them at his store on the side-walk, plaintiff discovered that one of the boxes was not in good order, but that it bore exterior marks of having been violated by a chisel. · Thereupon he called the attention of witnesses to the condition of said box, and proceeded to open the same; and sent for McLane, the depot agent of the defendant at Jacksonville, to witness the condition of the box, who testified, "When I got there one box had been opened. Examined the box that was opened; some of the goods were put up in pasteboard boxes, and were torn, and the goods appeared to have been pulled out. Remarked to McDonald that the goods could not have been taken out while in their care. McDonald said he thought so too. McDonald said there had been marks of chisel upon boxes. Gave it as his opinion that the hoops had been taken off, the box opened and replaced again. Boxes might be thus opened, but thinks there would be marks of implements used and be seen on box. Can't say anything about other box, it not being opened. Goods are more liable to be abstracted from

boxes on a steamboat, than a railroad. Box cars are always loaded and very little chance presented for persons to get goods out. At that time it took between one and two hours to come from Naples to Jacksonville. Goods could not have been abstracted from the boxes in the dépôt at this place. Box had the appearance of having been done some days. McDonald remarked that he had no idea that they were taken after they came into the possession of the railroad company, but as they were the last that had them, he would hold them responsible for them." Plaintiff proved that the goods described in the declaration had been abstracted from one of the boxes, and that the goods were worth the amount of the verdict rendered in the case.

At the instance of the appellee the court very properly charged the jury, that if they believed, from the evidence, that the goods sued for were received by the appel&#8203;&#8203;&#8203;&#8203;&#8203;were liable for same if lost or stolen, unless by the act of God or enemies of the government.

The appellant asked the court for the following instructions:

"1st. That before the jury can find a verdict for the plaintiff in this case, they must believe, from the evidence, that the defendants received the goods described in the declaration as common carriers.

"2d. That if the jury believe, from the evidence, that the plaintiff has deliberately admitted that the goods described in the declaration were stolen before they reached Naples, then they must find a verdict for the defendant, unless the jury believe from the evidence in the case, that the admission was mistaken, and that the defendant did receive the goods and so negligently transported them that they were lost or stolen," which were refused and in lieu thereof the court gave the following instruction:

"The bill of lading produced as evidence in the case is *prima facie* evidence that the box of goods was in good order at the time it came into the hands of the railroad company, and it is incumbent on the company to show that it was otherwise, and that they were deceived or defrauded when they signed the bill of lading; and unless the jury believe from the evidence that they were thus deceived or defrauded, they will find a verdict for the plaintiff for the amount of his loss" — defendants excepting, etc. Motion entered for a new trial because of the court's refusing to give instructions asked for by defendant and giving substituted instruction, and because. verdict against the evidence in the case and instructions of the court. Motion overruled — defendants excepting. The errors assigned are for refusing the two instructions and substituting

HARVARD LAW SCHOOL LIBRARY

instruction in lieu thereof, and in not granting motion for a new trial.

D. A. SMITH, for Appellant.

H. B. McCLURE, for Appellee.

SCATES, C. J. The instructions substituted by the court for the two instructions asked by appellant, state the principles of law, governing the case, correctly. The bill of lading is *prima facie* evidence of the matters contained in it, but subject to explanation, and to have the truth shown; and so the law was laid down in *Bissel et al.* v. *Price*, 16 Ill. R. 408. According to this case the appellants were chargeable, *prima facie*, for any damage or loss, unless they could show the same to have been committed, while in possession of some previous carrier or warehouseman.

The only evidence offered was a mere speculative remark or opinion of appellee, and another of local agent of appellant. There is nothing to show that either had any particular information or knowledge of facts on the subject. Nor can we resist the conviction that what was said, was merely conversational speculation about how, when and where, the loss might have or could happen, and not even the deliberate assertion of an opinion, much less a solemn deliberate admission. Such an admission would be entitled to great weight. Had appellee been shown to have possessed any particular information on the subject, or any circumstances from which we ought to draw such an inference, then the remark would assume another aspect. Whatever credit, however, should be given to it, has been passed upon by the jury. And we feel unable to assign to it any higher degree of meaning or credit than has thus been allowed by the jury. There were external marks of violence upon the box. Had these been upon it when delivered to the appellant, proper care would have detected them, and thus have afforded an explanation tending to rebut the *prima facie* evidence of the bill of lading. But the carrier, finding such evidences of violence upon the package, should have protected himself by a special bill of lading. Having given a general bill, acknowledging the box to have been received in good order, the presumption is against the loss elsewhere, and unexplained and unrebutted, will become conclusive for the purposes of this recovery.

Precarious indeed would be the rights of shippers, and extremely hazardous the transmission of goods even under the insurance of common carriers, if owners, to fix the liability

for loss or damage, were required to prove the special circumstances of the time, place and manner of the loss, and the person who suffered it.

No lower degree of responsibility could be fixed upon the common carrier, than that of making his bill of lading only *prima facie* evidence against him. Less than this would discharge him under it—more might unjustly fix him with the loss.

The law has fixed upon the just medium. Appellant having had opportunity thus to explain, and offering none other than the remarks of appellee, has no cause to complain that such explanation has been deemed unsatisfactory.

*Judgment affirmed.*