# THE MERCHANTS' DESPATCH TRANSPORTATION CO.

*v.*

# MOSES KAHN *et al.*

1. COMMON CARRIER—*duty as to route.* It seems that the duty of a common carrier, in the absence of any special contract, is to transport the property to the place of destination by the most usual, safe, direct and expeditious route, and failing in any of these, unless prevented by inevitable accident, he must be held liable for loss.

2. SAME—*destruction by fire not necessarily inevitable accident.* Where the common carrier received goods at Worcester, Mass., to transport to the consignees at Mattoon, Ill., and carried them by way of Chicago instead of the most usual and direct route by way of Indianapolis, and while stored in Chicago awaiting a reshipment they were destroyed by the great fire on the 9th of October, 1871: *Held,* that the carrier was not excused from liability on the ground of inevitable accident, as there was no compulsion to take the goods through Chicago.

3. SAME—*general rule of liability.* Where a transportation company receives goods for transportation, they assume all the duties of common carriers, and their liability must be determined by the obligations which are imposed upon that character of bailees. And the rule is, that such persons are insurers against every loss except when occasioned by the act of God or the enemies of the country.

4. SAME—*liability does not terminate until goods have reached their destination.* Where common carriers take goods being transported by them, from the cars, and place them in a warehouse for reshipment, and they are there destroyed by fire, the goods still being in transit, their liability as insurers continues, and they are liable. Their liability as insurers does not terminate until the goods have reached their destination and have been stored in a safe warehouse.

APPEAL from the Circuit Court of Coles county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was an action, commenced by Moses Kahn, Mark Kahn and Felix Kahn, against the Merchants' Despatch Transportation Company, before a justice of the peace, and taken by appeal to the circuit court, to recover for the loss of two cases of boots shipped at Worcester, in the State of Massachusetts, to the plaintiffs at Mattoon, in the State of Illinois. The cause was tried at the May term, 1874, of the

Coles circuit court, and a judgment rendered in favor of the plaintiffs and against the defendant for $116 and costs of suit. To reverse this judgment the defendant appealed.

Mr. O. B. Ficklin, and Mr. James W. Craig, for the appellants.

Mr. Horace S. Clark, for the appellees.

Mr. Chief Justice Walker delivered the opinion of the Court:

It appears, from the record in this case, that, on October the 2d, 1871, appellants received at Worcester, Massachusetts, two packages of goods to be transported to appellees at Mattoon, in this State. It seems they reached Chicago and were placed in a warehouse, it is contended, and were destroyed by the fire of the 9th of that month. Refusing to pay for the loss, appellees brought suit before a justice of the peace, where they recovered a judgment, but the case was removed to the circuit court by appeal, where a trial was had with like result, and the record is brought to this court on appeal and errors assigned.

It is contended that the goods having been destroyed by fire, the company are excused from their delivery. When they received the goods for transportation, they assumed all of the duties of common carriers, and their liability must be determined by the obligations which are imposed upon that class of bailees. And the rule is, that such persons are insurers against everything but the acts of God or the enemies of the country.

It is urged, that the fire which destroyed the goods is of the former character of excuses. This, we think, is not correct. There was no compulsion on the company to ship the goods by the way of Chicago. In fact, the evidence shows that a number of previous shipments from the same place or its vicinity had been made by the way of Indianapolis, and not coming through Chicago, and that this was the nearer and

more expeditious route for their transportation. Had they shipped the goods by the way of Indianapolis, as they had previously shipped other goods to these parties, the loss would not have occurred.

Even if it was proved that the goods had been taken from the cars and placed in a warehouse awaiting reshipment to Mattoon, still they were in transit, and the liability of insurers continued. *Western Transportation Co.* v. *Newhall*, 24 Ill. 466. The liability of insurers does not terminate until the goods have reached their destination and they have been stored in a safe warehouse. There is no pretense that such was the fact in this case.

It seems that the undertaking of a common carrier, in the absence of any special contract, is to transport the property to the place of destination by the most usual, safe, direct and expeditious route. Failing in any of these, unless prevented by inevitable accident, he must be held liable for loss.

We can see nothing in this case that should relieve appellants from the liability of common carriers.

The evidence sustains the verdict, and the judgment of the court below must be affirmed.

*Judgment affirmed.*