# THE MERCHANTS' DESPATCH COMPANY

*v.*

# ROBERT P. SMITH *et al.*

1. COMMON CARRIER—*what is act of God.* Where a carrier undertakes to transport goods, he will be held liable for their loss or destruction, unless the same was caused by the act of God or the public enemy. By the term "act of God," is meant something superhuman, or something in opposition to the act of man. Loss by fire, as in the great Chicago fire, therefore, will not relieve the carrier from his undertaking.

2. PARTY, PLAINTIFF—*action against carrier.* When goods are consigned without reservation on the part of the consignor, the legal presumption is, that the consignee is the owner, and in case of a loss, an action against the carrier is properly brought by the consignee.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. HUGHES & McCART, for the appellant.

Messrs. ROWELL & HAMILTON, for the appellees.

Mr JUSTICE CRAIG delivered the opinion of the Court:

This was an action, brought by appellees against the Merchants' Despatch Co., appellant, to recover the value of two cases of boots, consigned to them from Boston, in the fall of 1871.

A trial was had before the court, a jury having been waived, which resulted in a judgment in favor of appellees for $74, the value of the goods.

It appears from the record that appellees resided in Bloomington, Illinois, and appellant was a common carrier of goods from Boston to Bloomington; that the goods were consigned to appellees from Boston, and shipped upon appellant's line, but were never received by appellees.

One of the appellees testified that about one month after the Chicago fire of 1871, he was in Boston and had a conversation with Mr. French, who was agent of appellant, and was told by him that the goods arrived in Chicago on the 8th or 9th of October, and were burned in the great fire.

The first point relied upon by appellant is, that the consignee of the goods could not maintain a suit for the loss ; that the action should have been brought in the name of the consignor.

Where goods are consigned without reservation on the part of the consignor, the legal presumption is the consignee is the owner. Angell on Carriers, sec. 497.

This court held, in *Diversy* v. *Kellogg*, 44 Ill. 114, that when goods were delivered to a carrier under a contract of sale, the title to the property vests in the consignee, subject to stoppage *in transitu*, but with no other lien unless expressed in the terms of the sale.

We are, therefore, of opinion that the title to the goods shipped was in appellees, and the suit for the loss was properly instituted in their names.

It is, however, urged by appellant, that as the goods were destroyed in the great fire at Chicago, the loss· should be regarded as an inevitable accident for which the company should not be held responsible.

The law required the appellant to carry the goods from Boston to Bloomington, and safely deliver them to appellees. This duty it failed to perform, and it must be held liable for the value of the goods, unless the destruction of the goods can be attributed to the act of God or· the public enemy.

A common carrier is not relieved· of responsibility where· the loss occurs even from inevitable accident, unless it arose from the act of God or the public enemy. It only remains to be seen whether the loss of the goods in question comes within the exception.

We have held, in another case, that the proper construction to be given to the phrase "the act of God," was, where goods were destroyed by something superhuman, or something in opposition to the act of man.

Under this rule it needs no argument to show that the loss of the goods involved in this case, did not fall within the class that will relieve the common carrier of the liability as · warrantor for the safe delivery of the goods to appellees.

The judgment of the circuit court will, therefore, be affirmed.

*Judgment affirmed.*