1877.]       M. D. Transp. Co. v. Theilbar.          71

Opinion of the Court.

The Merchants' Despatch Transportation Company

*v.*

Henry Theilbar.

1. Carrier — *limiting common law liability.* A clause in a receipt or bill of lading exempting a common carrier from a common law liability is not binding on the shipper, unless it appears that he knew of and assented to the exemption, and this is a question of fact.

2. Same — *bound to receive and carry goods.* A common carrier, by virtue of his calling, is bound to receive goods when properly tendered for shipment, and to carry them safely, unless destroyed by the act of God or the public enemy, and has no right to be exempt from loss by fire, except by virtue of a special contract to that effect. It can not limit its liability by its own act alone.

3. Evidence — *clause in carrier's receipt restricting liability.* On the trial of a suit by the court alone, against a common carrier, for loss of goods shipped, where the proof shows that the shipper had no knowledge of a clause in the receipt given exempting the carrier from liability for loss by fire, and that the shipper never assented to such clause, there is no error in receiving in evidence the part of the receipt acknowledging the receipt of the goods and agreeing to carry the same, and to reject the exemption clause. If the trial is before a jury, the whole instrument must be read, as they are to decide whether the clause of exemption was known and assented to by the shipper.

Appeal from the Circuit Court of Peoria County; the Hon. Joseph W. Cochran, Judge, presiding.

Messrs. Small & Moore, for the appellant.

Mr. J. S. Starr, for the appellee.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

Appellee recovered judgment against appellant, in the court below, for the value of a bill of goods which he shipped by the appellant as a common carrier from Hartford, Connecticut, to Peoria, in this State, and which appellant failed to deliver.

The defense interposed was, that the goods were, without the fault of appellant, destroyed by the great fire at Chicago, of October 9, 1871, and, by a clause in its receipt or bill of

lading, loss by fire was expressly excepted from the liability
it assumed in receiving the goods for carriage.

We held in *Merchants' Despatch Company* v. *Smith et al.*
76 Ill. 542, that the same fire by which these goods were
destroyed could not be regarded as the act of God, so as to
exempt common carriers, on that ground, from their common
law liability for goods destroyed by it. And the present
case is, also, analogous to *Merchants' Despatch Transp.
Company* v. *Kahn et al.* 76 Ill. 520, where it was held
there did not appear that there was any compulsion on the
carrier, even if in a proper case its liability could be held
not to extend to a destruction by that fire, to ship by way
of Chicago.

The doctrine is too well settled in this court to now ad-
mit of discussion, that a clause in a receipt or bill of lading
exempting the carrier from a common law liability, is not
binding on the shipper unless it appears that the shipper
knew of, and assented to, the exemption, and that this is a
question of fact, to be determined, as other questions of
fact, on the trial of the case. *Western Transp. Co.* v.
*Newhall*, 24 Ill. 466; *Adams Exp. Co.* v. *Haynes*, 42 id.
90; *Adams Exp. Co.* v. *Stettaners*, 61 id. 184; *Illinois
Central R. R. Co.* v. *Frankenberg*, 54 id. 88; *Anchor
Line et al.* v. *Dater et al.* 68 id. 370.

Appellee's evidence is conclusive that he knew nothing of
the bill of lading or receipt until sometime after the goods
were shipped, and did not assent to the clause exempting
appellant from liability in respect to loss by fire. After
he made this proof, however, he offered in evidence so much
of the instrument as acknowledged the receipt of the goods
for carriage between the *termini*. Appellant objected, but the
court overruled the objection, and exception was taken by
the appellant, which is now urged as the principal error in
the ruling of the court below. It is said by counsel, " It
has never been regarded as the law that a party could avoid
the provisions of a contract on grounds of ignorance, fraud,
or duress, and still be permitted to use such of the provis-

ions as he chose to select, for the purpose of establishing a liability against the other party.''

In *Western Transportation Company* v. *Newhall et al. supra*, this court ruled in this respect substantially as did the court below. True, there the exempting clause appeared on the back of the receipt or bill of lading; but that circumstance cut no figure in the case. It was treated as it would have been had it been inserted, as here, below the clause acknowledging the receipt, and on the same page with it.

In *Adams Express Company* v. *Haynes, supra,* the opinion shows that the receipt or bill of lading was *declared on*, and the exempting clause followed on the same page, as in this case, the clause acknowledging the receipt of the goods; and the ruling was that it was competent for the shipper to show that his attention was not called to the exempting clause, and that he did not assent to its terms.

In both cases — and, indeed, in all cases decided by this court — the bill of lading or receipt has been treated as evidence to prove the receipt of the goods, to be affected or not affected, as the evidence justified, by the exempting clause. This case was tried by the court, without the intervention of a jury, and when the court was satisfied from the evidence that the exempting clause had not been assented to by the shipper, it could not possibly prejudice appellant to refuse to hear that clause read. Had the issue been submitted to a jury, then, of course, the court could not have excluded any portion of the instrument without usurping their province — the question whether the clause was assented to or not being one of fact.

The fallacy of the position of the counsel is in assuming that the shipment was the result of an express contract, previously entered into between the carrier and the shipper, prescribing their mutual rights and obligations. But the carrier was bound, by virtue of its calling, to receive the goods, when properly tendered for shipment, and to carry them safely, unless they should be destroyed by the act of

God or the public enemy; and it had no right to be exempt from loss by fire unless by virtue of a special contract to that effect. It could not limit its liability by its own act alone; and the insertion of a clause in the receipt or bill of lading, therefore, assuming to do so, was simply a nullity. The shipper, never having assented to it, was authorized to disregard it, and he having disregarded it, the instrument remained evidence only of that which the carrier acknowledged was within the line of its duty — namely, the receipt of the goods and its undertaking to ship them.

Objection is also urged that the court erred in receiving the declarations of certain agents of appellant. We decline to notice this objection because it does not affect the merits of the case. Appellee's right to recover is clearly established independently of this evidence, and is not, in our opinion, in any degree affected by it.

We think the judgment is clearly warranted by the law and the evidence, and it will, therefore, be affirmed.

*Judgment affirmed.*