## WESTERN TRANSIT CO.

v.

## B. T. HOSKING ET AL.

1. COMMON CARRIER—LIMITATION OF LIABILITY.—A common carrier can limit his ordinary liability only by a special contract, and the acceptance of a receipt or bill of lading with printed conditions, or notice limiting the carrier's liability by the owner or shipper of goods without dissent, will not establish such a contract.

2. SAME—WHAT NECESSARY TO SHOW.—In such case it is necessary to show that the shipper knew of and assented to the exemption, and such assent must be shown by other and additional evidence, and is not the subject of presumption from the terms of the receipt alone.

3. AGENT TO SHIP.—One who is the agent of the owner to ship or forward goods, is presumed to have authority to accept a receipt from the carrier containing conditions as to liability, in order to procure them to be forwarded.

4. LEX LOCI—PRESUMPTIONS.—If, in the State where a contract is made, there exists as a principle of its common law, established by the decisions of its courts, a legal presumption, arising upon certain acts of parties to a contract, which enters as a rule of evidence into their agreement, compelling or implying, from what they do and say, a certain inference or intention, such rule or principle of law will not be applied to the contract in the courts of another State where no such presumption exists, unless upon the trial, proof of the *lex loci contractus* is made, as a fact to be regarded by the court and the jury in ascertaining the contract between the parties.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed June 9, 1886.

This was an action to recover the damages to a lot of fish, sustained by heating, in transportation from Boston to Chicago, over the line of the appellant company. The fish, eighty barrels, were packed at Halifax, and were shipped to Boston on the steamer Worcester, consigned to W. H. Ring, to be forwarded to Chicago to appellees. Evidence tended to show that the fish were shipped at Halifax in good condition, and further that they were in apparently good condition when delivered to appellant to be carried to Chicago. When they

arrived in Chicago and were examined by appellees they were found to be spoiled from having been overheated. From Buffalo to Chicago the fish were of the cargo of appellant's steamer, Milwaukee, and when taken from the vessel to the wharf at Chicago the packages were warm to the touch. Ring, who was the agent of appellees to forward the fish from Boston to Chicago, took a bill of lading from appellant's agent dated Aug. 19, 1884. On its face it is in substance as follows: "Received from S. S. Worcester, in apparent good order, (except as noted) the following described property, to be carried or forwarded by the said company by its own or other means of transportation, subject to all the conditions of bill of lading of the Western Express (The Western Transit Co., proprietor). *See other side.*

Marked H.        (80) Eighty bbls. Fish.
Robert B. Boak,       James F. Gay,
    Chicago,         Marble."
       Ill.

Among the conditions on the back were the following, material to the question made in this case:

" 1.  The shipper and owner, and each and all persons and parties interested in, or as to all or any of the said property, assent and agree to the following as the conditions under which the aforesaid transportation or forwarding is undertaken for the consideration named.

" 2.  The Western Express (The Western Transit Company, proprietors) shall not, nor shall any carrier, or any person or party in possession of all or any of the said property, or any vessel receiving all or any of the said property, or her master be liable for any loss or damage of or to all or any of the property, arising from, caused by, or connected with any one of the following mentioned causes or things, to wit: Any act of God, ——— heating ——— nor shall there be any liability on the part of the said company, or —— for any loss or damage of or to all or any of said property, unless the same shall affirmatively and without presumption be proven to have been caused by the negligence of the person, party or vessel sought to be made liable."

By mistake of Ring's clerk, who filled up the bill of lading,

the name "Boak" was written in as the consignee, but the goods were promptly received by the appellees upon their being discharged from the steamer on which they were transported, and no injury was in any manner caused by the mistake.

There was evidence tending to show that unless the goods had been stowed in some part of the steamer Milwaukee, reached by the heat from the boilers, the packages would not have been found warm when taken from the vessel; and while there was evidence on the part of the defendant showing where it was usual to stow fish on the Milwaukee, there was no evidence by either party showing where the fish had actually been stowed.

There was a verdict and judgment for the plaintiffs and defendant brings the record here on appeal.

Messrs. Schuyler & Kremer, for appellant.

Messrs. Young & Makeel, for appellees.

Moran, J. The main contention in this case arises over the question whether the owners of the fish are bound by the conditions on the back of the bill of lading which was taken by the forwarder, Ring, at Boston. On the trial plaintiffs offered the receipt contained in the bill of lading, to show that appellants received the fish in good condition. It was competent for that purpose and was *prima facie* proof of that fact, though, if the contrary was the truth, appellants were at liberty to show it by any competent evidence. G. W. R. R. Co. v. McDonald, 18 Ill. 172; I. C. R. R. v. Cobb, 72 Ill. 154.

But appellant's counsel objected to the receipt unless the whole bill of lading was offered, insisting that the receipt and the conditions on the back constituted one entire contract, and that the bill of lading, containing the printed conditions on the back, was received by Ring, the agent of plaintiffs to forward the fish, without dissent or objection, and the conditions exempting the appellant from liability from heat-

ing, and unless the damage to the property should be affirmatively proven to have been caused by the negligence of appellant, was binding. Under the law as settled in this State a common carrier can limit his ordinary liability only by a special contract, and the acceptance of a receipt or bill of lading, with printed conditions or notice limiting the carrier's liability, by the owner or shipper of goods, without dissent, will not establish such a contract. It must be shown that the shipper knew of and assented to the exemption, and such assent must be shown by other and additional evidence, and is not the subject of presumption from the terms of the receipt alone. Western Transportat'on Co. v. Newhall et al., 24 Ill. 466 ; Adams Express Co. v. Haynes, 42 Ill. 90. Applying this rule to the facts in evidence in this case, and the conditions on the back of the bill of lading, those condi-tions did not become any part of the contract, and the court was bound under the authorities to admit the receipt as offered. Western Transportation Co. v. Newhall et al. *supra;* M. D. Transit Co. v. Thielbar, 86 Ill. 71.

It is undoubtedly true, as contended by appellant's counsel, that Ring, the forwarder, would be presumed to have authority to make the contract for his principal, which it is claimed that he did make in this case. One who is the agent of the owner to ship or forward goods, is presumed to have authority to accept a receipt from the carrier containing conditions as to liability, in order to procure them to be forwarded. Nelson v. The Railroad, 48 N. Y. 498; Squire v. Railroad, 98 Mass. 239; York Co. v. Central Railroad, 3 Wall. 107.

And it may be true that the acceptance of the bill of lading, without dissent by Ring, would, under the rule as established in Massachusetts, authorize the inference of assent to all the terms and conditions contained in it, and amount to evidence of the contract between the parties. Grace v. Adams, 100 Mass. 505.

But appellant offered no proof, on the trial of this case, that the acceptance of the bill of lading, without dissent, would constitute a contract under the law of Massachusetts. The court was bound to apply the law of Illinois to the facts

in evidence, unless proof was made that there was a law entering into the contract where it was made, and with reference to which the parties would be held to have dealt, which gave a different import, significance or construction to their acts.

If, in the State where the contract is made, there exists as a principle of its common law, established by the decisions of its courts, a legal presumption arising upon certain acts of parties to a contract, which enters as a rule of evidence into their agreement, compelling or implying, from what they do and say, a certain inference or intention, such rule or principle of law will not be applied to the contract in the courts of another State where no such presumption exists, unless, upon the trial, proof of the *lex loci contractus* is made as a fact to be regarded by the court and the jury in ascertaining the contract between the parties. A judge is bound to know the statutes and the common law of his own State, but not of another State; and the court will presume that the common law, as established in his own State, is the common law of the State where the contract is made, unless the contrary is proven as a fact. 1 Wharton on Ev., 300; 2 Phillips on Ev., 427, and cases cited in note.

This rule is illustrated in Hoadley v. The Northern Transportation Company, 115 Mass. 304. There the question arose in a suit brought on a bill of lading made in Illinois, and, to avoid the Massachusetts rule, the plaintiff made proof to the jury of the Illinois law by introducing in evidence the Illinois reports containing the cases which establish it.

The court below then committed no error in refusing to instruct the jury that accepting the bill of lading without dissent would constitute its conditions and limitations a binding contract between the parties. Tried by the law of this State, there was no error in admitting or rejecting testimony or in the instructions given, and as the evidence clearly supports the finding of the jury the judgment was correct and must be affirmed.

Judgment affirmed.