Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.

*v.*

W. R. Patton.

*Opinion filed June 16, 1903.*

1. Damages—*measure of, in action for injuries to horses in shipment.* The measure of damages in an action for injuries to horses in shipment is the difference between what the horses were worth when received for shipment and when they reached their destination.

2. Evidence—*what incompetent upon question of damages.* Where plaintiff in an action for injuries to horses in shipment was obliged to keep the horses for a month after their arrival at destination on account of their damaged condition, evidence as to what they sold for after he prepared them for market is immaterial and is properly denied admission.

3. Same—*right of plaintiff to testify as to market value of horses.* In an action for injuries to horses in shipment, the plaintiff, who has had a large experience in selling horses, may testify as to the market value of horses at the point of destination, even though he has but a limited knowledge of that market, the weight to be given his testimony being for the jury.

4. Instructions—*when modifying instruction is not ground for reversal.* Where an instruction asked by the defendant carrier holds that restrictions of the carrier's liability in the bill of lading were binding upon the plaintiff if voluntarily signed by him, a modification which conditions such restrictions upon the absence of fraud by the carrier's agent which would mislead the plaintiff is not ground for reversal, even though there is no evidence of such fraud.

5. Same—*when party cannot complain of instructions.* A party can not complain of his opponent's instructions if his own instructions are to the same effect.

6. Carriers—*carrier must show that shipper assented to terms of contract.* The burden is upon the carrier to show that the shipper assented to restrictions upon its liability contained in the shipping contract, and in the absence of such evidence it is presumed that the shipper did not assent to such restrictions.

*C., C., C. & St. L. Ry. Co.* v. *Patton,* 104 Ill. App. 550, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Coles county; the Hon. Frank K. Dunn, Judge, presiding.

George F. McNulty, for appellant.

Charles C. Lee, and Craig & Kinzel, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an action on the case by W. R. Patton, in the circuit court of Coles county, against appellant, to recover damages for alleged injuries to nineteen horses which he had shipped over its road from Charleston, Illinois, to Buffalo, N. Y. The declaration alleges that by reason of the negligence of the defendant some of the horses died and the others were injured and lessened in value to the amount of $1500, and that plaintiff was put to an expense of $400 in caring for them. General issue was pleaded and a trial had, resulting in a verdict and judgment for the plaintiff of $1200. Motion for new trial was denied and judgment entered on the verdict. The defendant prosecuted an appeal to the Appellate Court for the Third District, where the judgment below was affirmed. The case is brought here upon further appeal, the appellant urging a reversal upon the grounds that the court erred in the admission and exclusion of evidence and in the giving and refusal of instructions.

The horses were shipped on February 21, 1901, and arrived at Buffalo three days later. They were shipped in what is known as an "Arms Palace Car," equipped with separate stalls for each horse. Owing to the rough handling of the car some of the horses were bruised and injured, and when the car arrived at Indianapolis it was found that one of the horses was dead. They were unloaded at Indianapolis and two of them were sold. The remainder were then re-loaded. Before arriving at Buffalo they encountered extremely cold weather, which caused some of them to contract severe colds. Upon their arrival they were unfit to be placed on the market, and appellee took charge of them for over a month, incurring considerable outlay for medicines, treatment, etc.

Upon the hearing, when appellee was being cross-examined, he was asked what the sixteen horses sold for after he had prepared them for market. His counsel objected to the question on the ground that it was immaterial, which objection was sustained. The court committed no error in sustaining the objection. The measure of damages was the difference in value between what the horses were worth upon their arrival at Buffalo in the condition they were then in and when they were received by the railway company at Charleston. (*New York, Lake Erie and Western Railway Co.* v. *Estill*, 147 U. S. 591; 41 Fed. Rep. 849). Appellee may have received on the sale of the horses, a month later than their arrival, more or less than their market value at the time they reached their destination. The evidence sought to be introduced was therefore immaterial, as tending to show what they would have sold for if they had arrived in marketable condition, and was properly excluded.

It is next insisted that the trial court erred in allowing the appellee to testify as to the market value of his horses at Buffalo, it being insisted that the evidence fails to show such a knowledge on his part of the value of horses in that market as to qualify him to testify. It appears that he had had a large experience in handling and selling horses. While he had never before sold any in the city of Buffalo, on this occasion he remained there several days, and, as he says, posted himself on the markets there. The value of the horses on the market at Buffalo was a matter about which several other witnesses testified whose competency is not questioned; and even if appellee had only a limited knowledge of the market there, his evidence was competent, its weight being a question for the jury. *Chicago and Northwestern Railway Co.* v. *Calumet Stock Farm*, 194 Ill. 9.

Upon the hearing, appellant requested the court to instruct the jury that if they believed, from the evidence, that plaintiff shipped a car-load of horses over defend-

ant's line, and at that time entered into the contract introduced in evidence and signed the same voluntarily and individually, then the contract is binding on plaintiff and must be so treated by the jury. The contract referred to by this instruction was the bill of lading introduced in evidence, which contained clauses limiting the liability of the railway company. The court refused to give the instruction as asked, but modified it by adding: "unless you believe, from the evidence, that by reason of some fraud or artifice on the part of the defendant or its agent the plaintiff was misled as to the contents of such contract." It is contended by counsel for appellant that there was no evidence before the jury tending to show that any fraud or artifice had been practiced on the part of the railway company or that the plaintiff was misled as to the contents of the contract, and that therefore this instruction, and other instructions containing a similar modification, were erroneously given to the jury. An examination of the instructions given on behalf of the railway company, however, shows that one of them, at least, expressly contains the clause incorporated in the modification objected to. It is well settled that one cannot complain of instructions given for his opponent which are similar in effect to his own. (*City of Beardstown* v. *Smith*, 150 Ill. 169; *Consolidated Coal Co.* v. *Haenni*, 146 id. 614; *Hill* v. *Bahrns*, 158 id. 314.) Independently of other considerations, there was therefore no reversible error in the modification of the instructions in question.

It is finally insisted that the court erred in refusing to instruct the jury, at the request of the defendant, that there was no evidence in the case tending to show that if the plaintiff did not know the terms of the shipping contract offered in evidence by the defendant, or that it was a contract, such ignorance of the plaintiff was caused by any fraud or artifice of the defendant or its agent. Even if it could be said there was absolutely no evidence of fraud or artifice on the part of defendant or its agent,

the burthen is on the carrier to show that the terms of the contract were assented to by the consignor, and in the absence of any evidence the presumption follows that he did not assent to the terms of the contract. The instruction was therefore properly refused. *Chicago and Northwestern Railway Co.* v. *Calumet Stock Farm, supra.*

From a careful examination of the whole record we are satisfied the trial court committed no error. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*