## Vandalia Railroad Company v. H. A. Hinds.

1. DAMAGES—*when evidence offered to establish, sufficient.* Evidence for the purpose of proving damages cannot be complained of as too indefinite where it was not objected to when offered.

2. BILL OF LADING—*burden to establish assent of shipper to terms of.* The burden of proof is upon the carrier to establish that the shipper has assented to the terms and stipulations of a bill of lading relied upon in defense.

Action in case for personal injuries. Appeal from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

T. J. GOLDEN and J. E. DYAS, for appellant.

FRANK T. O'HAIR, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

This was an action on the case brought by H. A. Hinds against the Vandalia Railroad Company to recover damages alleged to have resulted to Hinds by reason of the negligence with which the railroad company conveyed three cars of cattle belonging to Hinds

from Paris, Illinois, to the Union Stock Yards in Chicago. A jury returned a verdict in favor of Hinds and against the said company in the sum of $213.75, upon which judgment was rendered. The railroad company has appealed to this court.

It appears from the evidence that appellee loaded fifty-two head of cattle at Paris, Illinois, into the cars of appellant, on the afternoon of July 4, 1905, consigned to the Union Stock Yards, Chicago, and that according to the usual time of transportation they should have arrived at the stock yards between five and six o'clock on the morning of July 5th; that they did not arrive at the Yards until it was too late to sell them on the market of that day, but had to be sold upon a falling market on the sixth day of July; that on account of such delay appellee suffered a loss by reason of shrinkage of cattle in weight, the decline in price of cattle, and the cost of feeding, made necessary by the delay.

Appellant contends that the evidence was too indefinite to sustain the verdict on the question of damages; but a fair review of the evidence shows that the shrinkage caused by the delay was about fifty pounds upon each head and that the decline in price in the market was nearly, if not quite, fifteen cents per cwt., between the morning of July 5th, and the time when the cattle were sold, and that extra feed to the amount of $10 had to be procured for the cattle during the delay. The cattle averaged about 1,400 pounds in weight and the price of cattle at the time, at the Stock Yards, was from $5.40 to $5.60 per cwt.

It would seem therefore, as a matter of mathematics, that the verdict was a conservative one and fully warranted by the evidence. That being the case, and since the method adopted by appellee in proving his damages was not objected to by appellant, the appellant is in no position to complain that the evidence was too indefinite.

Appellant next argues that the contract or bill of lading between appellant and the shipper, by the terms

of which the former sought to limit its liability in case of loss, was assented to by appellee; but whether he did was a question of fact solely for the jury. They have found by their verdict that appellee did not so assent, and we are not disposed to disturb such finding.

The court did not err, as contended by appellant, in instructing the jury that the burden of proof was upon appellant to show that appellee assented to the terms and conditions of the contract of consignment. C. & N. W. Ry. Co. v. The Calumet Stock Farm, 194 Ill. 9; C., C., C. & St. L. Ry. Co. v. Patton, 203 Ill. 376; Wabash R. R. Co. v. Thomas, 222 Ill. 337.

The instructions given stated the law governing the case with substantial accuracy, and as the verdict was in accord with the merits of the case and fully sustained by the evidence, the judgment is affirmed.

*Affirmed.*