## Chicago & Eastern Illinois Railroad Company et al. v. Samuel Igo, Sr., Administrator.

1. COMMON CARRIER—*what constitutes contract for through transportation of merchandise.* The ·acceptance by a common carrier of a car billed to a point beyond the terminus of its own line is held, *prima facie,* to constitute a contract for through transportation.

2. CONSIGNOR AND CARRIER—*burden to establish knowledge of restrictive conditions.* The burden is upon the carrier to show that the shipper had knowledge of and assented to the restrictive provisions .of the contract of shipment signed by the shipper. ·

3. CONSIGNOR AND CARRIER—*what evidence competent as tending to show knowledge of restrictive conditions.* The fact that the consignor had on previous òccasions signed similar contracts of shipment, is competent as tending to show knowledge of the restrictive conditions contained in the particular contract in question in the cause.

4. MEASURE OF DAMAGES—*in action for negligence and delay in transportation.* In such a case the true measure of damages is the difference in value between what the merchandise was worth upon its arrival at the point of destination in the condition in which it then was and when such merchandise was received by the carrier.

Action in case.   Appeal from the Circuit Court of Shelby county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.   Heard in this court at the May term, 1906.   Affirmed.   Opinion filed November 27, 1906.

HOMER T. DICK, WILLIAM C. KELLEY and H. A. NEAL, for appellee; E. H. SENEFF, of counsel.

RICHARDSON, PEADRO & WHITAKER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit originally commenced by J. W. Igo against appellants to recover damages resulting from unreasonable delay and negligence in the   shipment of a car containing twenty horses and two mules, ·from Shelbyville, Illinois, to Indianapolis, Indiana. The plaintiff, J. W. Igo, died during the pendency of

the suit and thereafter Samuel Igo, Sr., was appointed administrator of his estate, and substituted as plaintiff. There was a verdict and judgment in the Circuit Court against appellants for $330.

It is uncontroverted that appellant, the Chicago & Eastern Illinois Railroad Company, accepted from J. W. Igo for transportation from Shelbyville. to Indianapolis a carload of horses and mules; that the car was delayed an unreasonable length of time in arriving at its destination, and that the horses suffered injury and were depreciated in their market value by reason of the delay and negligence in shipment. It is not seriously insisted that the damages awarded to appellee by the jury, as shown by the competent evidence in the record, are excessive.

The evidence tends to show that the delay which occasioned the greatest injury to the horses occurred through the negligence of the servants of appellant, V. T. Malott, receiver of the Terre Haute & Indianapolis Railroad Company, to whom, as its connecting line, the Chicago & Eastern Illinois Railroad Company transferred the car at St. Elmo. The acceptance by the Chicago & Eastern Illinois Railroad Company of the car billed to a point beyond the terminus of its line, must be held, *prima facie*, to constitute a contract for through transportation. Erie Ry. Co. v. Wilcox, 84 Ill. 239.

It is, however, insisted that by the terms of the shipping contract signed by the agent of J. W. Igo, the Chicago & Eastern Illinois Railroad Company cannot be held liable for any loss or injury resulting subsequent to the transfer of the car to the connecting line. The contract of shipment does not expressly limit the liability of the Chicago & Eastern Illinois Railroad Company for any resulting loss or injury *en route*, to its own line. But if it did, the burden was laid upon the railroad company to show that plaintiff's intestate, or his

agent, had knowledge of and assented to its terms. Wabash R. R. v. Thomas, 222 Ill. 337.

It is urged that the evidence does not show that Igo, or his agent, failed to assent to the terms of the contract restricting the common law liability of appellants, and it is, therefore, insisted on behalf of appellants that the converse of the proposition must be held to have been established, viz., that Igo, or his agent, had knowledge of and assented to the terms of the contract. It is manifest that to so hold would nullify the settled rule as to the burden of proof in such cases. The burden is on the carrier to show that the shipper had knowledge of and assented to the terms of such contract, and not upon the shipper to show that he did not have such knowledge, and did not assent to the terms of the contract.

There is no evidence in the record tending to show that either Igo, or his agent, was informed by any servant of the railroad company of the restrictive provisions of the contract, or that either of them expressly or impliedly assented to such provisions. Evidence offered by appellants to show that Igo had frequently signed similar contracts, was competent, and should have been admitted (W., St. L. & P. Ry. Co. v. Jaggerman, 115 Ill. 407), but we are of opinion that its rejection did not operate to the prejudice of appellants in this case.

While some of the instructions given at the request of the appellee, and the modification by the court of certain instructions offered by appellants are inaccurate, the verdict of the jury is so well supported by the competent evidence in the record, that a reversal of the judgment for error in instructions would merely prolong the litigation without affecting the ultimate result, and we are, therefore, not disposed to reverse the judgment and remand the cause for another trial for the sole purpose of enabling the parties to make a faultless record.

The true measure of damages in this case was the

difference in value between what the horses were worth upon their arrival at Indianapolis in the condition they were then in and when they were received by the railroad company at Shelbyville. C., C., C. & St. L. Ry. Co. v. Patton, 203 Ill. 376. The witness, William Porter, who accompanied the horses, testified that upon their arrival at Indianapolis they were damaged, that is, depreciated in value from $15 to $25 a head. This evidence, while not strictly proper, was admitted without objection, and is not contradicted, and the verdict of the jury, based thereon, substantially fixes the damages at their true measure.

The judgment stands for substantial justice and is affirmed.

*Affirmed.*