556     APPELLATE COURTS OF ILLINOIS.

Painkinsky v. Illinois Central R. R. Co., 165 Ill. App. 556.

### H. S. Painkinsky, Appellee, v. Illinois Central Railroad Company, Appellant.

1. COMMON CARRIERS—*what not condition precedent to recovery.* If a bill of lading has printed upon the back thereof certain conditions, compliance with such conditions is not essential to the right of the shipper to enforce the common law liability of the carrier, and this rule applies as well to a condition prescribing the time within which proofs of loss must be made as to a condition which limits the common law liability of the carrier.

2. COMMON CARRIERS—*when conditions printed upon bill of lading not binding upon shipper.* Conditions printed upon the back of a bill of lading are not binding upon the shipper unless his assent thereto is established.

3. INSTRUCTIONS—*must not ignore material evidence.* An instruction is properly refused which singles out particular evidence and ignores all other evidence.

4. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of a correct instruction will not reverse if its substance is contained in other instructions given.

5. INSTRUCTIONS—*predicated upon evidence.* An instruction is properly refused which is not predicated upon any evidence in the cause.

6. INSTRUCTIONS—*when upon liability of common carrier proper.* An instruction upon this subject is proper which tells the jury that if the goods in question were lost or damaged while in the custody of the carrier the presumption is that it was through the carrier's neglect and the burden is upon the carrier to show that the loss arose from causes for which it was not responsible.

Assumpsit. Appeal from the Circuit Court of Marion county; the Hon. A. M. ROSE, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

W. W. BARR and CHARLES E. FEIRICH, for appellant; BLEWETT LEE and W. S. HORTON, of counsel.

CHARLES H. HOLT, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This was an action of *assumpsit,*—tried by a jury in the Circuit Court of Marion county, and resulted

in a verdict for appellee for $418.36. A motion for new trial was overruled and judgment rendered upon the verdict, and the defendant brings the record to this court on appeal.

The declaration alleges that the defendant was a common carrier of goods and chattels for hire, and was operating its road from a station called Johnston City to Sandoval, in the county of Marion; that the plaintiff on, to wit, February 21, 1910, delivered to the defendant eighteen boxes of ready made clothing, gents furnishing goods and merchandise of the plaintiff of the value of, to wit, eight thousand dollars, to be taken care of and safely carried by it from Johnston City to Sandoval aforesaid, upon its railroad, and to be safely and securely cared for, conveyed and delivered by it to the plaintiff at Sandoval aforesaid, for a certain reward agreed by the plaintiff to be paid to the defendant. Yet the defendant not regarding its duty as such common carrier, nor its said promises and undertaking so made as aforesaid but contriving and intending to deceive and injure the plaintiff, did not care for and safely carry and deliver the said goods and merchandise to the plaintiff at Sandoval aforesaid, but on the contrary it so carelessly and negligently behaved and conducted itself with respect to the said goods and chattels that by and through the carelessness, negligence and improper conduct of the said defendant and its servants in this behalf that the said goods and chattels were wholly lost to the plaintiff.

The second count is substantially as the first, except it avers that the said goods were to be delivered to the plaintiff within a reasonable time, and that such reasonable time has elapsed and one box of the said goods of the value of five hundred dollars was not delivered but wholly lost.

The declaration also contained the common counts. To this the defendant filed the plea of general issue.

The facts in this case, as appear from the record, are that on about February 25, 1910, the plaintiff, by

558 APPELLATE COURTS OF ILLINOIS.

Painkinsky v. Illinois Central R. R. Co., 165 Ill. App. 556.

his agent, delivered to the defendant eighteen boxes of merchandise to be carried by it from Johnston City to Sandoval, both of which stations were located upon its road. That after the boxes had been placed in the car by Goldstone, the agent of plaintiff, he then applied to the agent for a receipt and the agent gave him the bill of lading marked Exhibit "A" and offered in evidence by the plaintiff, which is as follows:

"Form I. C. 195-3 Revised 12-08
D-9-09   4000 pads 100 sets collated.
ILLINOIS CENTRAL RAILROAD COMPANY
(Illinois Central Railroad
Central Route—Mississippi
Valley)

Shippers No. ...........
Agents No. ............

THIS MEMORANDUM is an acknowledgment that a bill of lading has been issued and is not the original bill of lading, nor a copy or duplicate, covering the property named herein, and is intended solely for filing or record.

"Received subject to the Classification and tariffs in effect on the date of the receipt by the carrier of the property described in the original bill of lading, at Johnston City, Ill., 2-21-1910.

"From H. S. Painkinsky, the property described below in apparent good order except as noted, (contents and condition of contents of packages unknown) marked, consigned and destined, as indicated below, which said company agrees to carry it to its usual place of delivery at said destination, if on its road, otherwise to deliver to another carrier, on the route to said destination.

"It is mutually agreed as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any part of said property, that every service to be performed hereunder shall be subject to all the conditions, whether printed or written herein contained (including conditions on back hereof) and which are agreed to by the shipper and accepted for himself and his assigns.

"The freight rate from Johnston City, Ill., to Sand-oval, Ill., is in cents per 100 lbs.

"If      times 1st      If 1st class      If 2nd class If 3rd class      If 4th class      If 5th class      If      class If      class      If Rule      If Rule      If special per

"If special per

Consigned to H. S. Painkinsky

Desination Sandoval, State of Ill. County of

| Route | | Car Initial C. N. W. | Car No. 20264 |
|---|---|---|---|
| No. Packages | Description of articles | | Weights Sub- |
| | Special marks | | ject to cor- |
| 18 | By Clothing | | rection. |
| 1 | Chair | | |
| 1 | Bdl (2) racks | | I. C. R. R. 625942 |
| 1 | Bdl (4) racks | | |
| | O. K. | | 2940 |

S. Goldstone Shipper.  J. S. Evans Agent."

On the back of the exhibit appears ten sections of conditions, of which a part of section three is as follows:

"Claim for loss, damage or delay, must be made in writing to the carrier at the point of delivery, or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed.  Unless claims are so made the carrier shall not be liable."

When the goods reached Sandoval there were but seventeen boxes.  The plaintiff by an inventory he had identified the lost goods by lot number.

It is claimed by counsel for appellant that, as the plaintiff introduced the bill of lading in evidence, it devolved upon him to prove a compliance with the conditions printed upon the back thereof providing that, "Claims for loss, etc., must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or in case of failure to make delivery then within four months after a reasonable time for delivery has elapsed, and unless the claims are so made the carrier

shall not be liable." He contends that this clause is reasonable and ought to be enforced as a condition precedent to recovery. In support of this many authorities are cited from other states which seem to support his contention. He also refers to two or three authorities from this state which will be noticed later on in this opinion. The condition above referred to is a part of the bill of lading or receipt given by appellant to the agent of appellee after the goods had been loaded in the car, and as we understand the law of this state, that when the condition or limitation is a part of the bill of lading then it devolves upon the carrier to show that the shipper assented to the terms or conditions of the contract. Even if notice of the restrictions be given, but the shipper does not assent to such limitations, still as the defendant is a common carrier the plaintiff may ship the goods and rely upon the carrier's common law liability to him as a shipper. The printing of the restrictions on the back of the bill of lading has no more force than if published in a newspaper or posted by notice, and form no part of the contract and need not be noticed in the declaration. The Western Transportation Co. v. Newhall, 24 Ill. 466.

"Where a contract limiting the liability of a carrier is contained in a bill of lading which in its entirety constitutes both a receipt and contract, the onus is on the carrier to show the restrictions of the common law liability were assented to by the consignor,    *    *    * and whether there is such assent is a question of fact. The mere receiving the bill of lading without notice of the restrictions therein contained does not amount to an assent thereto." Wabash Railroad Company v. Thomas, 222 Ill. 344.

The appellant insists that there is a distinction between a condition prescribing the time in which proof of loss must be made, and the condition limiting the common law liability; and that the same rule does not apply in each case. However, it is said by our Supreme Court in the case of Wabash R. R. Co. v. Thomas,

*supra,* page 345: "The tenth condition in the contract of shipment provides that no action shall be brought for damages, 'unless a claim for such loss or damage shall be made in writing, verified by an affidavit of the party of the second part or their agent, and delivered to the freight claim agent of the party of the first part, at his office in the city of St. Louis, within ten days from the time said stock is removed from said cars.'" The court after commenting upon the reasonableness of this condition then says: "But the question of the plaintiff having understandingly assented to that provision having been determined adversely to appellant by the jury and the Appellate Court, he was not barred of his right of action by his failure to comply with it." In the same case the question was made that the Circuit Court erred in instructing the jury that the burden of proof is upon the carrier to show that the plaintiff had assented to the terms and conditions of the contract of shipment; and one of the conditions herein referred to was, that with reference to the limitation of time in which proof should be made but the Supreme Court held that this was not error. The court seems to have made no distinction between the conditions, as printed upon the bill of lading, but has treated all of them as matters to which the shipper must have in some manner given his assent. These are recognized by the court as mere collateral provisions. As we understand the rule as finally laid down by the courts of this state, it is, that, where the conditions are a part of the bill of lading, it then devolves upon the carrier to show that the shipper assented to such conditions, and it does not seem to make any distinction with reference to the conditions but treats such conditions practically as one class.

"The mere receiving of the bill of lading without notice of the restrictions therein contained does not amount to an assent thereto." C. & N. W. Ry. Co. v. Calumet Stock Farm, 194 Ill. 9, and many other cases there cited; Chicago and Northwestern Ry. Co. v.

Simon, 160 Ill. 648; C. C. C. & St. L. R. R. Co. v. Patton, 203 Ill. 376.

Counsel have cited as an authority, the case of C. & A. R. R. Co. v. Simmons, 18 Ill. App. 68, to show that in an action of *assumpsit* such a provision is a condition precedent to the institution of a suit for damages. In this case, however, the court found there was a special contract and in the opinion (p. 71) says: "Appellees consented to make this condition precedent and utterly failed to prove its performance." Of course, if the appellee consented to make it a condition precedent, then that would bring him clearly within the rule laid down by the Supreme Court in the cases above cited, but if that opinion is to be considered upon the theory that the bill of lading, including this condition, was simply handed to him, then it is at variance with the decisions of our Supreme Court and cannot be followed. In view of the fact that such conditions are not recognized by our court as being part of the contract but only collateral to it, and that it is not necessary to notice such provisions in a declaration, we cannot see that it should make any difference whether the action is in case or upon the contract, and we agree with Judge Baume that the doctrine is as applicable in an action of *assumpsit* to recover the damages for a breach of an alleged special contract, as in an action of tort to recover damages for negligence. Kirby v. C. & A. R. R. Co., 146 Ill. App. 31.

It appears, as we think, from the evidence in this case that the appellee delivered to appellant eighteen boxes of goods for shipment to Sandoval, and that he only received at Sandoval seventeen boxes. In fact we think the testimony in this respect is practically uncontradicted, and considered in connection with the testimony of appellee that he made an inventory of the goods and was able to give a list, together with the lot number of those that were lost, and these facts being undisputed, makes it pretty clear that the goods

of appellee were lost as claimed, and that they were of the value ascertained by the jury.

The appellant also complains of the refusal of some instructions. Its refused instruction marked 1-B attempts to point out a particular thing that may be taken as a circumstance in determining the number of boxes of clothing that were delivered, and ignores all of the other evidence upon that question. It is too general in its terms with reference to what agent is referred to, and, even if properly written, they could only be circumstances to be taken into consideration in determining what credit might be given to the witnesses. It certainly could not be taken as a circumstance determining the number of boxes delivered to defendant.

The second refused instruction complained of, as we think, is fully covered by the defendant's second given instruction, which is as follows:

"You are instructed that the burden is on the plaintiff to show by a preponderance of the evidence that the goods which he claims were lost were delivered to the defendant, and if you find from the evidence in this case that an error was made in the bill of lading in the number of boxes, and that there were but seventeen boxes of goods delivered in the shipment in question, and that the 17 boxes were delivered to the consignee at Sandoval, Illinois, the point to which they were shipped, then you are instructed that there is no liability on the part of the defendant merely because of an error made in the bill of lading and you should find the issues for the defendant."

We think there is no evidence upon which to base the third and fourth refused instructions, and the court did not err in refusing them.

It is next contended that the court erred in giving plaintiff's sixth instruction, in that it cast too much of a burden upon the appellant. We cannot agree with counsel in this contention; the receipt of the agent admits that the eighteen boxes were received and this being true it is not too much of a burden, when the appellant had receipted for them, to require it to show

why it did not deliver the number received. Besides, this instruction was approved in almost the exact terms in the case of Great Western R. R. Co. v. Mc-Donald, 18 Ill. 172, and we do not regard the objections to this instruction as tenable.

We see no error in the fourth instruction given on behalf of appellee; it simply lays down the proposition of law that if the goods were lost or damaged while in the custody of the defendant, the presumption is it was through its neglect and the burden was upon the defendant to show that the loss arose from causes for which it was not responsible. This, we think, is a correct proposition of law. The instructions taken as a whole state the law fully and clearly to the jury and we cannot see how the jury could have in any manner been misled in this case as to their duties.

We are of the opinion that the condition included in the bill of lading or receipt given by appellant to the agent of appellee, and referred to by counsel, was not a condition precedent to appellee's right to recover, and that the burden of showing appellee's assent to this condition was upon the appellant, and appellant having failed to so show, and it appearing that the box of goods delivered to appellant was lost, then we are of the opinion that the appellee had a right to recover in this suit, and that it was not error for the Circuit Court to overrule appellant's motion for a new trial and render judgment upon the verdict; and the judgment of the Circuit Court is affirmed.

*Affirmed.*